■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID ATTIYA, Respondent.—Appeal by the People from (1) an order of the Supreme Court, Kings County (Fuchs, J.), dated April 1, 1985, which granted the defendant's motion, pursuant to CPL 330.30, to set aside the jury verdict, rendered October 9, 1984, finding him guilty of criminal possession of a controlled substance in the second and third degrees, and (2) from an order of the same court, dated May 28, 1985, denying the People's motion, *inter alia,* to reopen the CPL 330.30 hearing.

Ordered that the order of April 1, 1985 is reversed, on the law, the defendant's motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for sentencing; and it is further,

Ordered that the appeal from the order of May 28, 1985 is dismissed as academic in light of our determination of the appeal from the order dated April 1, 1985.

A trial court may only set aside a verdict pursuant to CPL 330.30 (1) on the basis of errors which " 'would *require* a *reversal or modification* of the judgment *as a matter of law* by an appellate court' " *(People v Carter,* 63 NY2d 530, 536, quoting from CPL 330.30 [1]). In this case, the trial court set aside the jury's verdict on the ground that certain acts of alleged misconduct by the prosecutor cumulatively deprived the defendant of a fair trial. However, the only claim of prosecutorial misconduct which was preserved for appellate review concerned the following remark made by the prosecutor during his cross-examination of the defendant: "I think we are getting the business all right". The defendant's objection to this statement was immediately sustained by the trial court and appropriate curative instructions were issued. Clearly, this remark did not so prejudice the defendant as to warrant a reversal or modification of the judgment of conviction as a matter of law *(see, People v Santiago,* 52 NY2d 865, 866). Further, the use of a certain letter, which was shown to the defendant during cross-examination, even if error, did not deprive the defendant of a fair trial. The letter was not offered in evidence and its contents were never disclosed to the jury. Consequently, we find that the defendant's motion to set aside the verdict should have been denied *(see, People v Goodfriend,* 64 NY2d 695, 697; *People v Colon,* 65 NY2d 888, 890).

In light of our determination, the People's further appeal from the trial court's denial of its motion, *inter alia,* to reopen the CPL 330.30 hearing is rendered academic. Mangano, J. P., Bracken, Lawrence and Kooper, JJ., concur. *[See,* 128 Misc 2d 452.]