■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM M. PRICE, Also Known as WILLIAM JONES, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered September 3, 1988, convicting him of attempted burglary in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court was required to hold a hearing before denying his *pro se* motion which sought the dismissal of the indictment on the ground that he was denied his right to a speedy trial pursuant to CPL 30.20. In his moving papers, the defendant contended that there had been a delay of 11 months and 15 days which was entirely chargeable to the People. Now on appeal, the defendant maintains his motion should be construed as a motion brought pursuant to CPL 30.30. We disagree.

The motion papers show that the defendant's speedy trial motion was made under CPL 30.20 rather than CPL 30.30, and that the defendant disclaimed any responsibility for the approximately 11½-month delay, without discussion of the various adjournments. This disclaimer was refuted by the court's records which indicated that many adjournments were attributable to the defendant's repeated changes of attorneys and to proceedings concerning the defendant's pretrial motions. The defendant's motion also failed to allege any specific impairment of his defense as a result of the delay. Thus, the trial court properly determined that the defendant failed to allege sufficient facts to warrant a hearing *(see,* CPL 210.45 [5]; *People v Coffaro,* 52 NY2d 932, 934).

We find that the imposition of the mandatory surcharge should not be waived as the defendant failed to demonstrate that the surcharge would work an unreasonable hardship upon him or upon his immediate family *(see,* CPL 420.35).

We have examined the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, Spatt and Balletta, JJ., concur.