■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SNELL, JR., Appellant.—Order unanimously affirmed. Memorandum: County Court did not err in denying defendant's application for resentencing pursuant to CPL 420.10 to dispense with the mandatory surcharge previously imposed by the court (see, Penal Law § 60.35 [1]). Defendant failed to demonstrate that the surcharge would work an unreasonable hardship upon him or upon his immediate family (see, People v Price, 145 AD2d 445, lv denied 73 NY2d 895; People v Fulton, 138 AD2d 514). Moreover, where, as here, defendant has been sentenced to a term of imprisonment, an application for vacatur of the mandatory surcharge is premature when it is brought prior to the time of defendant's release from incarceration (see, People v Conigliaro, 144 AD2d 685, 686; People v Fulton, supra; People v Lewis, 134 AD2d 286; People v Williams, 131 AD2d 525, lv denied 70 NY2d 718; People v Peralta, 127 AD2d 803, 804, lv denied 69 NY2d 953). If, at the conclusion of his imprisonment, defendant finds himself unable to pay the surcharge, he may move at that time for a waiver thereof (see, CPL 420.35, 420.10 [5]; People v Williams, supra). (Appeal from order of Onondaga County Court, Mulroy, J.—CPL 420.10 [5].) Present—Callahan, J. P., Denman, Pine, Balio and Davis, JJ.