■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BRANCH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (O'Brien, J.), rendered May 23, 1985, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the complainant testified that the defendant, and two other individuals, took her coat. A short while later the defendant and one of his accomplices were apprehended and the complainant's coat was recovered from the defendant's apartment. During the presentation of their case-in-chief, the People introduced the coat recovered from the defendant into evidence. However, because the coat was released to the complainant prior to trial, and no photographs were taken of it before it was released, the defense argued that the coat should not be admitted into evidence. Based upon the complainant's testimony that the proffered coat was hers and that it was the one she had worn on the night of the robbery, the court admitted the coat into evidence.

The defendant contends on appeal that he was denied his due process right to a fair trial by virtue of introduction of the coat into evidence because among other things, there was a break in the chain of custody of that evidence.

We find that it was established by clear and convincing

proof that the evidence offered was genuine and that there was no tampering with it *(People v Tayeh,* 96 AD2d 1045, 1046; *see also, People v McGee,* 49 NY2d 48, 59, *cert denied* 446 US 942). Since the coat was a unique item and was identified by the complainant as being the coat which was taken from her by the defendant, we conclude that a proper foundation for its admission was established *(see, People v Connelly,* 35 NY2d 171, 174), notwithstanding the fact that the coat was returned to the complainant's custody prior to trial *(see, People v Washington,* 96 AD2d 996, 997).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.