■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS REVELL, Appellant.—Judgment of the Supreme Court, New York County (Martin H. Rettinger, J.), rendered May 31, 1988, which convicted defendant, after jury trial, of assault in the second degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree, and sentenced him to concurrent indeterminate terms of imprisonment of from 1 to 3 years on the assault and reckless endangerment convictions and from 2 to 6 years on the weapons' possession conviction, unanimously affirmed.

People's witnesses Reggie Burns and John Mason saw their friends Eric Coles, Ward Jones and Tracy Reddick arguing with defendant, Harold King and an individual known as "Jay" in a hallway of the Prince George Hotel, during the course of which defendant displayed a pistol. The argument resumed outside the hotel on 28th Street and Madison Avenue. As Reddick and Burns threw bottles at defendant and his friends, defendant fired his gun once into the air. A chase ensued, with Burns and Mason and their friends running

north on Madison Avenue after defendant and his two companions, who entered a grey Mercury Capri. After a bottle was thrown at the vehicle by Reddick, defendant fired one shot as he drove by, striking Reddick in the leg.

Defendant was apprehended at 34th Street and Second Avenue after a chase, during which the Capri ran two traffic lights. An operable .32 caliber automatic pistol was recovered from underneath the front passenger seat. A bullet fragment, exhibiting the same general characteristics as bullets test-fired from the pistol, was recovered at the scene.

The prosecutor's remarks on summation do not warrant reversal of the conviction. During the course of his summation, defense counsel noted that Mason and Burns had been compelled to testify, characterizing their testimony as "amazing" and suggesting that it was rehearsed. The prosecutor responded that the People's witnesses had no motive to lie and that, had they been motivated by a desire to frame defendant, it would not have been necessary to compel their testimony. We conclude that the prosecutor's remarks were a fair response to the argument advanced by defense counsel *(People v Sims,* 162 AD2d 384, *lv denied* 76 NY2d 990). Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.