■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR GARRY, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered August 12, 1988, convicting defendant after a jury trial of grand larceny in the fourth degree, and sentencing him as a predicate felony offender to an indeterminate prison term of from 2 to 4 years, unanimously affirmed.

Defendant was convicted of stealing the complainant's wallet as complainant stood in line at a movie theatre preparing to pay for a ticket. His defense was, essentially, that he had been running a three card monte game up the block from the movie theatre, and that the complainant, having placed and lost a bet, then grabbed all the money out of defendant's hand and proceeded to walk away. According to defendant, he merely recovered his own money.

The trial court did not commit error by discharging a juror immediately prior to the court's charge. While a better record could have been made, the court was certainly justified in discharging a juror whose three year old child was about to be released from the hospital that day, with whom she had been spending the previous nights at the hospital (CPL 270.35; see, e.g., People v Belgrave, 172 AD2d 335).

Nor was defendant denied a fair trial by the trial court's instruction on ownership. Although the court did not use the phrase "claim of right" as defendant now contends was required, the charge did include language that one who obtains property by illegal means (and defendant had conceded that gambling was illegal) can still have a superior right of possession to a person who then takes it from him by larcenous means. This language was in no way confusing, as defendant now argues. It was clearly meant to apply to defendant's version of events, and was repeated each time the court referred to the element of ownership. Thus, the charge as a whole clearly communicated the applicable law to the jury on the issue of ownership (People v Gardner, 59 AD2d 913). Concur—Sullivan, J. P., Milonas, Ross, Asch and Smith, JJ.