■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered November 16, 1989, convicting him of criminal possession of stolen property in the third degree under Indict-

ment Number 1744/89, upon a jury verdict, and imposing sentence, and from an amended judgment of the same court, also rendered November 16, 1989, revoking a sentence of probation previously imposed by it, upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment upon his previous conviction of criminal sale of a controlled substance in the fifth degree under Indictment Number N12419/88.

Ordered that the judgment and amended judgment are affirmed.

On appeal, the defendant claims that the court discharged an ill juror without following proper procedures and thereby deprived him of a fair trial. We disagree.

CPL 270.35 authorizes the trial court to use its discretion in discharging a sworn juror who is unavailable for continued service "by reason of illness or other incapacity". The court is required to conduct a reasonably thorough inquiry and to recite on the record the facts and reasons for invoking the statutory authorization for discharging a juror based on a finding of continued unavailability (see, *People v Page,* 72 NY2d 69, 73). Some of the factors that the court may consider in reaching its decision include the nature of the illness and the expected length of absence of the juror *(People v Page, supra).*

A review of the record reveals that the court did conduct the required inquiry here. It determined that the juror was suffering from a violent gastrointestinal illness that had already lasted through the weekend and that she was under a doctor's care. It made the reasonable assumption that her return to the courtroom was not imminent. In view of the numerous prior interruptions in the trial, the court chose not to jeopardize the defendant's rights by ordering another delay. Other courts have properly reached the same conclusion under similar circumstances (see, *People v Allen,* 163 AD2d 396, 397; *People v McDonald,* 143 AD2d 1050; *People v Lawrence,* 143 AD2d 1045, 1046-1047).

In view of the defendant's long history of criminal offenses and his demonstrated inability to abide by parole conditions, as well as the absence of any mitigating circumstances, we find that reduction of his sentences would be inappropriate (see, *People v Perez,* 150 AD2d 395; *People v Ruquet,* 121 AD2d 482; *People v Terry,* 117 AD2d 761; *People v Suitte,* 90 AD2d 80).

Finally, the defendant's application for a waiver of the

mandatory surcharge imposed on his felony conviction is both premature and brought in an improper forum (see, CPL 420.10 [5]; *People v West,* 124 Misc 2d 622; *People v Snell,* 161 AD2d 1125). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.