■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES J. HILL, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered December 12, 1988, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly exercised its discretion in discharging, prior to the commencement of trial, a sworn juror who had asked to be excused because his father, who was in the hospital and had just been diagnosed as having cancer and a broken hip, was to undergo surgery the following day and there was uncertainty as to whether he would survive the surgery. Although it would have been preferable for the trial

court to have conducted a more detailed inquiry of the juror's inability to serve *(see, People v Page,* 72 NY2d 69; *People v Garry,* 176 AD2d 145; *People v Allen,* 163 AD2d 396), we conclude that the court was warranted in determining that the juror was "unavailable for continued service" within the meaning of the statute (CPL 270.35; *see, People v Moore,* 177 AD2d 653; *People v Velasquez,* 171 AD2d 825; *People v McDonald,* 143 AD2d 1050).

The defendant's *Batson* claim *(see, Batson v Kentucky,* 476 US 79) is unpreserved for appellate review inasmuch as defense counsel did not make a formal *Batson* objection, but only requested that "the record * * * reflect [that the prospective juror] is a black woman" and did not move for a hearing, a ruling, an explanation, or a mistrial *(see, People v Campanella,* 176 AD2d 813; *People v Steans,* 174 AD2d 582; *People v Rosado,* 166 AD2d 544).

The defendant's remaining claims are either unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, Lawrence and Santucci, JJ., concur.