■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN PIERCE, Appellant.—Judgment, Supreme Court, New York County (Renee White, J.), rendered November 15, 1990, convicting defendant, after a jury trial, of attempted robbery in the first degree and attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 7½ to 15 years and 3½ to 7 years, respectively, unanimously affirmed.

Defendant and an accomplice were apprehended by police officers who observed bystanders chasing defendant after the two had robbed complainant at knifepoint. The knife was recovered from the defendant by an officer who saw him attempt to throw it away.

The prosecutor's cross-examination of defendant on his interview with the Criminal Justice Agency was proper, limited as it was to defendant's refusal to disclose where he lived and worked, questions which had a bearing on his credibility and

which he readily answered at the trial. Nor did the prosecutor's summation deprive defendant of a fair trial, the challenged comments for the most part being fair response to argument advanced by defense counsel *(see, People v Revell,* 172 AD2d 356, 357, *lv denied* 78 NY2d 972), and prejudice otherwise having been avoided by the court's rulings on the objections of each side to the other's summations *(see, People v Galloway,* 54 NY2d 396). In any event, any prosecutorial misconduct was harmless in view of the overwhelming evidence of guilt. Finally, the sentence, although the maximum for a predicate violent felony offender, was substantially less than could have been imposed had defendant been sentenced as a persistent felony offender, and for this and other reasons cannot be viewed as excessive. Concur—Sullivan, J. P., Carro, Wallach, Asch and Rubin, JJ.