■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP KING, Appellant. [594 NYS2d 344] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered July 11, 1991, convicting him of rape in the first degree, sodomy in the first degree (two counts) and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. The appeal also brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, a review of the record reveals that he never invoked his right to remain silent after he expressly waived that right and agreed to answer questions. After the defendant agreed to answer questions, the defendant was questioned by a female detective. However, the defendant became unresponsive when asked about the complainant and stated that he did not want to speak with a "broad". Thereafter, a male detective joined the defendant and the female detective, but the defendant remained evasive. Subsequently, the female detective left the interview room and the defendant gave a statement regarding the incident to a male detective. The defendant never stated that he no longer wished to answer questions. Further, it cannot be said that the defendant invoked his right to remain silent when he stated that he did not want to speak to a "broad". Therefore,

the Supreme Court properly denied suppression of his statements to the police given after the defendant waived his right to remain silent *(see, Miranda v Arizona,* 384 US 436).

The defendant contends that the Supreme Court erred by denying suppression of his pre-arrest statements to the police refusing them permission to conduct a warrantless search of his home. We agree. The defendant's refusal to allow the police to search his home without a warrant was completely irrelevant and prejudicial, since it allowed the jury to infer a consciousness of guilt. Contrary to the People's contention, the evidence was not necessary to complete the detective's narrative, since the evidence was unnecessary to give the jury a complete picture of relevant events and was not inextricably interwoven with the events culminating in the defendant's arrest *(see, People v Green,* 35 NY2d 437; *cf., People v Thompson,* 186 AD2d 768; *People v Morris,* 168 AD2d 464). Nevertheless, the error was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are either without merit or unpreserved for appellate review *(see,* CPL 470.05 [2]). Thompson, J. P., Bracken, Eiber and Pizzuto, JJ., concur.