■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN J. WEILER, Appellant. [599 NYS2d 149] —Casey, J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered June 16, 1992 in Albany County, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant's conviction of assault in the second degree arose out of an altercation at the Osborne Street Garage in the City of Albany, where defendant was employed, when he struck the victim with a baseball bat while the victim was attempting to retrieve a car that had been towed to the garage earlier

in the evening. On this appeal, defendant initially claims that the introduction into evidence of the baseball bat lacked a proper chain of custody foundation and was, therefore, reversible error. We disagree. Police Officer William Smith testified that he removed the bat from the office area of the garage and took it in his patrol car to Division 2 Headquarters, where he turned it over to Detective Sean Keane. Smith stated that the baseball bat he was shown at trial looked like the bat he retrieved from the office. Keane testified that the bat was aluminum with electrical tape on the grip area and was dented and scratched as he had previously observed. According to Keane, he placed it in an evidence locker and turned it over to the District Attorney's office at the Grand Jury proceedings. He stated that the bat he was shown at trial looked "exactly like the bat I turned over". The court clerk testified that she received the bat at the suppression hearing and retained it until the trial, and that it was in the same condition as when she received it. In these circumstances, Supreme Court properly admitted the baseball bat into evidence (see, People v Early, 191 AD2d 807). Where, as here, an object possesses unique characteristics or markings and is not subject to material alteration that would not be readily apparent, a simple identification is sufficient to warrant admission (see, People v Julian, 41 NY2d 340, 343; People v Wynn, 176 AD2d 375, 376-377). That Keane was unable to locate the number which he said he scratched on the bat did not affect the bat's admissibility, but rather created an issue concerning the weight of the evidence for the jury to decide (see, People v Sarmiento, 168 AD2d 328, affd 77 NY2d 976).

Defendant further argues that a videotape from a security camera, which depicted events inside the garage before and after the assault, was improperly redacted to remove relevant portions. We disagree. Supreme Court allowed the People to display that portion of the redacted tape that the People wanted to display and offered the same chance to defendant, who refused it. Redacted conversations between defendant and two other people who came to the garage were irrelevant. We agree, however, with defendant that Supreme Court improperly failed to redact the statement on the tape made by Smith in which he said "ya can't hit 'em with a baseball bat". The admission of the statement impermissibly invaded the province of the trial jury on the ultimate issue, i.e., whether defendant used excessive force so as to vitiate his justification defense (cf., People v McCart, 157 AD2d 194, 197, lv denied 76 NY2d 861). However, in view of the overwhelming proof of

defendant's guilt, we consider this error harmless. There is undisputed evidence in the record that defendant struck the unarmed victim in the back of the head with the baseball bat and, therefore, used excessive force which vitiated defendant's justification defense.

We find no error in Supreme Court's discharge of a juror during trial because the juror's wife had suffered a broken foot and was having difficulty caring for their baby *(see, People v Page,* 72 NY2d 69; *People v Garry,* 176 AD2d 145, *lv denied* 79 NY2d 827). We have considered the evidentiary rulings that defendant claims require reversal and find no merit in this contention. At most, the improper evidentiary rulings constituted harmless error in view of the overwhelming proof of defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

Finally, Supreme Court did not illegally impose sentence or abuse its discretion in the prison sentence of 2⅓ to 7 years it imposed. The victim sustained serious and permanent injuries at the hands of defendant, whose attack was unjustified. The sentence imposed was a proper exercise of the court's discretion. The judgment of conviction should in all respects be affirmed.

Mikoll, J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.