■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RICCARDI, Appellant. [605 NYS2d 112] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered March 16, 1992, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the trial court committed reversible error when it discharged a sworn juror as unavailable and replaced him with an alternate juror, based on an *ex parte* communication between the court and the juror. Initially, we note that the defendant's claim, made for the first time on appeal, as to the sufficiency of the court's inquiry into the nature of the juror's unavailability, is unpreserved for appellate review. The defendant's objection at trial made no mention of the sufficiency of the court's inquiry. Rather, the objection was based upon the juror being the only Italian-American on the panel. An objection on this ground was inadequate to alert the court to the current claim *(see,* CPL 470.05 [2]; *People v Qualls,* 55 NY2d 733, 734; *People v Peters,* 175 AD2d 220, 221).

In any event, the record reveals that the discharged juror informed the court, prior to the conclusion of the defendant's evidence, that his wife was to undergo surgery and he would thus be unavailable for two days. The court placed this information on the record and replaced the juror with an alternate, over the defendant's objection. Under the circumstances, the discharge of the juror constituted a proper exercise of the court's discretion *(see, People v Delgado,* 187 AD2d 447; *People v DeMatteis,* 186 AD2d 460, 461; *People v Hill,* 182 AD2d 640, 641; *People v Weiler,* 194 AD2d 894).

The defendant also contends that the evidence was insufficient to support a finding that the victim's wounds constituted serious physical injury pursuant to Penal Law § 10.00 (10). We disagree. Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The victim's own testimony as well as that of the Emergency Medical Technician and the uncontroverted evidence of the People's medical expert that the wounds, if left untreated, were "life-threatening", is sufficient to support the jury's verdict *(see, People v Ross,* 125 AD2d 422; *People v Griffin,* 100 AD2d 659, 660-661;

*accord, People v Perron,* 172 AD2d 879, 880). Bracken, J. P., Sullivan, Lawrence and Joy, JJ., concur.