■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DREK JAMISON, Appellant. [610 NYS2d 74] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered December 9, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that he was denied his constitutional right to a public trial when the court sealed the courtroom during the testimony of an undercover officer. Prior to the closing of the courtroom, the court conducted an inquiry which established that the defendant's arrest occurred in the 113th Precinct in Queens, that the undercover officer had worked in that area during the previous week, that he would return to the location immediately after testifying, and that if someone recognized him while he was testifying it could jeopardize his life. Under these circumstances, the trial court did not improvidently exercise its discretion in concluding that testifying in open court might endanger the undercover officer's safety *(see, People v Martinez,* 82 NY2d 436, 443).

In addition, the trial court did not violate the defendant's right to be tried by a jury in whose selection he had a choice. After the trial court was informed that a juror was suffering from flu-like symptoms, the court questioned the juror about the nature of his illness. Although the juror stated that he probably could return the next day, the court reasonably concluded that the juror's return was not definite. Thus, the

trial court properly discharged the ill juror, and replaced him with an alternate *(see,* CPL 270.35; *People v Moore,* 177 AD2d 653, 654; *People v McDonald,* 143 AD2d 1050, 1052).

The defendant's remaining contention is unpreserved for appellate review. Bracken, J. P., Lawrence, Copertino and Florio, JJ., concur.