■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAI HING LIANG, Appellant. [617 NYS2d 163] —Judgment, Supreme Court, New York County (James Leff, J., at suppression hearing; Joan C. Sudolnik, J., at trial and sentence), rendered June 21, 1991, convicting defendant, following a jury trial, of reckless endangerment in the first degree and criminal possession of a weapon in the second degree and sentencing him to concurrent terms of 1⅓ to 4 years and 2⅓ to 7 years, respectively, unanimously affirmed.

Defendant contends that the Assistant District Attorney consistently engaged in inflammatory argument that unfairly prejudiced the jury against him by vouching for the officer's honesty, courage, and decency; telling the jury that if certain named individuals had anything to say, they would have been called to testify; unfairly denigrating his defense theory; and ignoring efforts by the court to sustain objections to several of the prosecutor's most damaging comments. The cumulative effect of the prosecution's purported misconduct served, defendant maintains, to deprive him of his right to a fair trial.

Prosecutors are permitted wide latitude in making closing statements to a jury, which should be considered in the context of the arguments raised in the defense summation *(People v Haynes,* 172 AD2d 242, *lv denied* 78 NY2d 967; *People v Gould,* 181 AD2d 543, *lv denied* 79 NY2d 1049). While the prosecutor's discussion of the eyewitness-arresting officer may, indeed, have been somewhat excessive, it is signifi-

cant that the summation by defendant's counsel was aimed largely at impugning that officer's integrity by, in effect, accusing him of lying to protect himself from the consequences of having shot the wrong man and of being "too sure", "too composed", "too certain" and "unbelievable". In fact, the entire defense was predicated upon undermining the officer's credibility. A prosecutor is entitled to respond vigorously to a defendant's assault upon the credibility of the People's witnesses, particularly when the underlying issue in this case was the credibility of the witness, even when such comments might be deemed inappropriate under other circumstances (see, i.e., People v Revell, 172 AD2d 356, lv denied 78 NY2d 972; People v Molina, 171 AD2d 578, lv denied 78 NY2d 970). Since the underlying issue in this case was the credibility of the witness, the People could hardly have been foreclosed from responding to the defense's concerted attacks upon the officer's veracity.

Although defendant asserts that the prosecution made improper remarks concerning the defense's failure to call certain named witnesses, the court sustained counsel's objections to the subject comments by the Assistant District Attorney, and the jury was given a curative charge. Jurors are presumed to follow the court's instructions (People v Davis, 58 NY2d 1102). In any event, where the defense chooses to present affirmative proof, the fact that he did not call a material witness under his control may be brought to the jury's attention (People v Shaw, 112 AD2d 958). Notwithstanding defendant's assertion that these witnesses would not have had any material evidence to offer, the individuals in question, who were friends of defendant and apparently not unavailable to testify, could have corroborated certain portions of defendant's account and could scarcely be deemed nonmaterial.

We have considered defendant's remaining complaints about the summation delivered on behalf of the People and find that the totality of the summation by the Assistant District Attorney was not so improper as to warrant reversal of the conviction, particularly when viewed in the context of the defense case and its own summation. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.