■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER CUSUMANO, Appellant. [620 NYS2d 284] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered May 3, 1991, convicting him of bribery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The statutory standard for discharging a juror and replacing him or her with an alternate juror is contained in CPL 270.35, which provides that "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict, a juror is unable to continue serving by reason of illness or other incapacity, or for any other reason is unavailable for continued service * * * the court must discharge such juror". Here, a juror was excused based on her assertion that she would be unavailable for service on Thursday, January 17, 1991. However, the excused juror indicated that she would in fact be available "for continued service" within the meaning

of CPL 270.35 *(cf., People v Jamison,* 203 AD2d 385; *People v Hill,* 182 AD2d 640). The discharge of the sworn juror was therefore improper.

The defendant's remaining claims are either unpreserved for appellate review or without merit. Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.