■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TORIN HYLOR, Appellant. [638 NYS2d 343] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered March 7, 1994, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Because the complainant specifically identified several of the items recovered from the defendant as belonging to him, and testified that the other items were similar to, and in the same condition as, items stolen from his shop, the court did not err in admitting the items into evidence (see, People v Branch, 161 AD2d 776, 777; People v Weiler, 194 AD2d 894, 895). Moreover, "[u]ncertainties as to the identification of [objects associated with a crime] go to [their] weight, not to [their] admissibility" (People v Sandy, 187 AD2d 466). Nor did the court err in declining to charge trespass as a lesser-included offense of burglary in the third degree as there was no reasonable view of the evidence upon which the jury could have concluded that he "committed such lesser offense but did not commit the greater" (CPL 300.50 [1]).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Miller, Thompson and Joy, JJ., concur.