■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RODRIGUEZ, Appellant. [642 NYS2d 865] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered April 20, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/_2$ to 9 years, unanimously affirmed.

The undercover officer's testimony regarding his previous undercover narcotics purchases and the manner in which heroin is packaged was permissible background information that provided the jury with an understanding as to what certain phrases spoken by the detective and defendant meant, and stated in general terms, did not link defendant to the drug trade (see, People v Ramos, 192 AD2d 324, lv denied 81 NY2d 1078). Nor was the jury's function as fact finder and arbiter of credibility usurped by the undercover officer's testimony that drive-by confirmatory identifications assure the backup team that it has arrested the "right" person, or by the prosecutor's summation description of that testimony as an assurance that arrests are not made unless the undercover is positive of the suspect's identity and that the undercover here had no doubt that defendant was the person who steered him to the seller. Such was fair comment on the evidence and appropriate response to defense counsel's closing arguments that the police had misidentified defendant (see, People v Nai Hing Liang, 208 AD2d 401). We have considered defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Williams, JJ.