THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINN ANTHONY TISDALE, Appellant. [705 NYS2d 158] —Judgment unanimously affirmed. Memorandum: Supreme Court properly replaced two sworn jurors with alternate jurors (see, CPL 270.35 [1]). During the middle of the trial, one of the jurors at issue sent a message that she had to stay home with her ill seven-month-old infant and did not know whether she would be able to return to court the next day. Under those circumstances, the court was within its discretion in concluding that the juror was unavailable for continued service (see, CPL 270.35 [1]; People v Sheldon, 262 AD2d 1060, lv denied 93 NY2d 1045; People v McDonald, 143 AD2d 1050, 1051, lv denied 73 NY2d 857). The other juror approached the court and indicated that she knew an observer in the courtroom and was uncomfortable continuing to serve as a juror in the case. After a "probing and tactful inquiry" (People v Buford, 69 NY2d 290, 299), the court determined that the juror was grossly unqualified to continue serving in the case (see, CPL 270.35 [1]). Based on the responses of the juror to questions from the court and counsel, and according great weight to the court's ability to observe her demeanor, we conclude that the court properly dismissed her (see, People v Ocasio, 258 AD2d 303, lv denied 93 NY2d 975; People v Galvin, 112 AD2d 1090, 1090-1091, lv denied 66 NY2d 919).

Defendant contends that the court erred in allowing an officer to testify as an expert in the identification of drugs. The qualification of an expert is within the discretion of the court, and we conclude that the court did not abuse its discretion here (see, People v Page, 225 AD2d 831, 833-834, lv denied 88 NY2d 883; see also, People v Diaz, 51 NY2d 841, 842). We have considered the remaining contentions of defendant raised in his pro se supplemental brief and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Hayes and Kehoe, JJ.