◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARVIN JONES, Appellant. [716 NYS2d 79] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrero, J.), rendered February 25, 1999, convicting him of assault in the second degree (two counts), assault in the third degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress oral and written statements he made to law enforcement authorities.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction for assault in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, he never invoked his right to remain silent. The defendant was unresponsive to questioning by the two detectives who initially interviewed him because he had a dream that they were demons and believed they would twist his words. However, when those detectives left the room and a different detective entered, the defendant stated that he felt much more comfortable and specifically stated that he wanted to tell the truth. Thus, the defendant did not invoke his right to remain silent (*see, People v King,* 191 AD2d 513).

The defendant was convicted of assault in the second degree and assault in the third degree based on the same act. Accordingly, the defendant's conviction for assault in the third degree

must be reversed because it is a lesser-included offense of assault in the second degree (see, CPL 300.40 [3] [b]; *People v Garofalo*, 192 AD2d 619).

The defendant contends that he should not have been sentenced as a second violent felony offender because he was sentenced on his prior felony conviction more than 10 years before the commission of the instant crime. However, the People correctly calculated that the defendant's prior conviction occurred less than 9½ years before he committed the instant crime (see, Penal Law § 70.04 [1] [b] [iv], [v]). Accordingly, the defendant was properly sentenced as a second violent felony offender (see, *People v Faust*, 235 AD2d 430).

The defendant's remaining contentions are not preserved for appellate review (see, *People v Tonge*, 93 NY2d 838; *People v Udzinski*, 146 AD2d 245), and we decline to review them in the exercise of our interest of justice jurisdiction. Goldstein, J. P., McGinity, Luciano and Feuerstein, JJ., concur.