THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT URBINA, Appellant. [737 NYS2d 303] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered March 3, 1999, convicting him of burglary in the first degree, robbery in the first degree, robbery in the second degree, unlawful imprisonment in the second degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A court is required to conduct a "reasonably thorough inquiry" and to place on the record the facts and reasons for invoking the statutory authorization of discharging and replacing a juror based on continued unavailability (CPL 270.35; *see, People v Page,* 72 NY2d 69, 73; *People v Moore,* 177 AD2d 653, 654). The trial court conducted such an inquiry. It determined that an elderly juror had been diagnosed with the flu four days earlier and, although she was taking medication, her condition was worsening. The juror also stated not only that she would be unavailable that day, a Friday, but that she believed she would be unable to return on the following Monday. Accordingly, the court's decision to discharge the juror and replace her with an alternate was proper (*see, People v Jamison,* 203 AD2d 385, 385-386).

Furthermore, the defendant's contention that the sentence imposed by the court improperly penalized him for exercising his right to a jury trial is without merit. While the sentence he received was greater than the sentence he was offered as part of a potential plea agreement before trial, it is well established that "sentences imposed after trial may be more severe than those proposed in connection with a plea bargain" (*People v*

*Lam,* 226 AD2d 554, 555; *see, People v Velez,* 222 AD2d 539, 541). Altman, J.P., S. Miller, Cozier and Prudenti, JJ., concur.