■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP SMITH, Appellant. [748 NYS2d 694] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Perone, J.), rendered January 20, 2000, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the prosecutor engaged in misconduct during cross-examination is unpreserved for appellate review since the defendant made only general objections, did not request curative instructions when one objection was sustained, and did not move for a mistrial based upon the ground, asserted on appeal, that the trial court precluded him from making specific objections during trial (*see People v Hunte,* 276 AD2d 717). In any event, the allegedly improper conduct did not constitute reversible error (*see People v Jones,* 275 AD2d 330).

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is

unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Williams,* 247 AD2d 416; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Florio, J.P., Friedmann, Adams and Crane, JJ., concur.