■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE IVORY, Appellant. [763 NYS2d 490] —Appeal by the defendant from a judgment of the Supreme Court, Queens County

(Spires, J.), rendered October 18, 2001, convicting him of attempted murder in the second degree, assault in the second degree, criminal possession of a weapon in the fourth degree, and criminal contempt in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the alleged improper remarks made by the prosecutor during summation require reversal. The defendant's arguments concerning each remark were not preserved for appellate review because the defendant either failed to object to the prosecutor's statements, made only a general objection, or failed to request curative instructions (see CPL 470.05 [2]; People v Medina, 53 NY2d 951, 952 [1981]; People v McHarris, 297 AD2d 824 [2002]). In any event, some of the challenged remarks were proper because they constituted either fair comment upon the evidence or a fair response to the defense summation (see People v Galloway, 54 NY2d 396 [1981]; People v Ashwal, 39 NY2d 105 [1976]; People v McHarris, supra). With respect to the remaining challenged remarks, the court's instructions to the jury served to ameliorate any prejudice that the prosecutor's conduct may have engendered (see People v Barnes, 80 NY2d 867 [1992]; People v Dutcher, 244 AD2d 499 [1997]; People v Ferrara, 220 AD2d 612 [1995]; People v Bryant, 163 AD2d 406 [1990]). Moreover, the challenged remarks, both individually and cumulatively, constituted harmless error in light of the overwhelming proof of the defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]; People v Garrett, 219 AD2d 670 [1995]; People v Harrell, 270 AD2d 358 [2000]). Thus, reversal is not warranted. Prudenti, P.J., Townes, Mastro and Rivera, JJ., concur.