◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WHITE, Appellant. [772 NYS2d 601]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered January 31, 2002, convicting him of robbery in the first degree (two counts), assault in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that certain comments made by the prosecutor during summation and the cumulative effect of prosecutorial misconduct constituted reversible error is largely unpreserved for appellate review since the defendant made only general objections, did not request curative instructions when the objections were sustained, and did not timely move for a mistrial (*see* CPL 470.05 [2]; *People v Smith,* 298 AD2d 607 [2002]; *People v Bruen,* 136 AD2d 648, 649 [1988]). In any event, most of the challenged remarks were proper because they constituted either fair comment upon the evidence or a fair response to the defense summation (*see People v Ivory,* 307 AD2d 1000, 1001 [2003], *lv denied* 100 NY2d 643 [2003]; *People v Clark,* 132 AD2d 704, 705 [1987]; *People v Colon,* 122 AD2d 151 [1986]). With respect to the remaining challenged remarks, the trial court's immediate admonitions served to ameliorate any prejudicial effect that may have resulted (*see People v Galloway,* 54 NY2d 396, 399 [1981]; *People v Armonte,* 287 AD2d 645, 646 [2001]). Moreover, the challenged remarks, both individually and cumulatively, constituted harmless error in light of the

overwhelming evidence of the defendant's guilt (*see People v Crimmins*, 36 NY2d 230, 241 [1975]; *People v Ivory, supra; People v Garrett*, 219 AD2d 670 [1995]). Smith, J.P., Goldstein, Mastro and Rivera, JJ., concur.