■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY KREBS, Appellant. [784 NYS2d 564]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered May 13, 2002, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's request for a justification charge since no reasonable view of the evidence supported such a charge. The defendant stabbed the victim in the neck, when the victim was unarmed, and the defendant had no reason to believe that the victim was carrying a weapon or was about to use deadly physical force against him (see People v Reynoso, 73 NY2d 816, 818 [1988]; People v Porter, 161 AD2d 811 [1990]; People v Harris, 134 AD2d 369 [1987]; People v Figueroa, 111 AD2d 765, 766 [1985]).

To the extent that the defendant's claim of ineffective assistance of counsel is premised upon his attorney's alleged failure to properly advise him with respect to his right to testify at trial, such a claim involves matter which is dehors the record and not properly presented on direct appeal (see People v Martin, 271 AD2d 459, 460 [2000]; People v Boyd, 244 AD2d 497 [1997]; People v Lebrun, 234 AD2d 392, 393 [1996]). The claim is otherwise without merit as the record establishes that trial counsel rendered meaningful representation to the defendant (see People v Baldi, 54 NY2d 137, 147 [1981]; People v Martin, supra at 460; People v Badia, 159 AD2d 577, 578 [1990]). S. Miller, J.P., Luciano, Crane and Skelos, JJ., concur.