■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON WARREN, Appellant. [785 NYS2d 498]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered December 4, 2002, convicting him of assault in the first degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Tomei, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's challenges to various remarks made by the prosecutor in her opening and closing statements to the jury are largely unpreserved for appellate review. The defendant failed to object to most of the instances of alleged prosecutorial misconduct, or made only general objections, and failed to request curative instructions in instances where the trial court sustained his general objections (*see* CPL 470.05 [2]; *People v White,* 5 AD3d 511 [2004], *lv denied* 3 NY3d 650 [2004]; *People v Smith,* 298 AD2d 607 [2002]). In any event, those remarks were either fair comment on the evidence, permissive rhetorical comment responsive to the defendant's summation (*see People v Ashwal,* 39 NY2d 105 [1976]; *People v Thompson,* 271 AD2d 555 [2000]), or, both individually and cumulatively, not so prejudicial as to constitute reversible error in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230 [1975]).

The hearing court properly determined that the defendant's

arrest was based on probable cause, as provided by the eyewitness's positive identification of the defendant as the shooter by name as well as from a photo array (*see People v Boyd,* 244 AD2d 497 [1997]; *People v Sanders,* 239 AD2d 528 [1997]). Further, the hearing court properly determined that the defendant's statements were voluntarily made after the defendant knowingly and intelligently waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Jones,* 277 AD2d 329 [2000]; *People v Blake,* 242 AD2d 728 [1997]; *People v King,* 191 AD2d 513 [1993]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review or without merit. Smith, J.P., Adams, Crane and Skelos, JJ., concur.