■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMKRISHNE HARIPERSAUD, Appellant. [806 NYS2d 221]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered March 17, 2003, convicting him of robbery in the second degree and criminal

possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenges to various questions posed by the prosecutor during direct and cross-examination, as well as comments made during summation, are unpreserved for appellate review. In the few instances when the defendant did object, he either made only general objections or failed to request a curative instruction when an objection was sustained (*see* CPL 470.05 [2]; *People v Harripersaud,* 4 AD3d 375 [2004]; *People v Smith,* 298 AD2d 607 [2002]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, his contentions are without merit (*see People v Soler,* 294 AD2d 286 [2002]; *People v Rodriguez,* 284 AD2d 952 [2001]; *People v Yang Hao Lu,* 273 AD2d 329 [2000]; *People v Attiya,* 126 AD2d 733, 734 [1987]; *see also People v Dawson,* 50 NY2d 311, 321 [1980]).

Furthermore, on an appeal of a codefendant, this Court has already considered an objection to the trial court's limitation of the complainant's cross-examination regarding facts underlying the complainant's youthful offender adjudication and determined that the youthful offender adjudication may not be used to impeach the complainant's credibility (*see People v Harripersaud, supra*).

The defendant's remaining contentions are without merit. Florio, J.P., Krausman, Skelos and Covello, JJ., concur.