THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVAN APONTE, Appellant. [813 NYS2d 224]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered January 20, 2004, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in discharging a sworn juror before the commencement of deliberations. The "reasonably thorough inquiry" (CPL 270.35 [2] [a]) conducted by the court supported its conclusion that the juror would be unavailable for continued service due to a family member's medical emergency (*see People v Page,* 72 NY2d 69, 73 [1988]; *People v Davis,* 1 AD3d 607 [2003]; *People v Tisdale,* 270 AD2d 917 [2000]; *People v Riccardi,* 199 AD2d 432 [1993]; *People v Hill,* 182 AD2d 640 [1992]).

The defendant's claim that the prosecutor engaged in misconduct during cross examination and on summation is unpreserved for appellate review since the defendant made only general objections and did not request curative instructions when objections were sustained (*see People v Haripersaud,* 24 AD3d 468 [2005]; *People v Hudgins,* 20 AD3d 489 [2005]; *People v Warren,* 12 AD3d 708 [2004]; *People v White,* 5 AD3d 511 [2004]). In any event, the prosecutor did not commit misconduct during cross examination by using a prior inconsistent statement to impeach the defendant's credibility (*see People v Wise,* 46 NY2d 321 [1978]; *People v Jones,* 207 AD2d 745 [1994]; *People v Pierce,* 189 AD2d 568 [1993]). Furthermore, the challenged summation remarks either constituted fair comment on the evidence, or permissible responses to the defense counsel's summation (*see People v Ashwal,* 39 NY2d 105, 109-110 [1976]; *People v Warren, supra; People v White, supra; People v Adamo,* 309 AD2d 808 [2003]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Krausman, J.P., Mastro, Fisher and Covello, JJ., concur.