■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE FRISKCO, Appellant. [816 NYS2d 103]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered April 28, 2004, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and his codefendant, Jovan Aponte, were jointly tried for robbery in the second degree. Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in discharging a sworn juror after conducting a "reasonably thorough inquiry" (CPL 270.35 [2] [a]) and determining that the juror was unavailable for continued service (*see People v Page,* 72 NY2d 69, 73 [1988]; *People v Aponte,* 28 AD3d 672 [2006] [decided herewith]; *People v Davis,* 1 AD3d 607 [2003]; *People v Tisdale,* 270 AD2d 917 [2000]; *People v Riccardi,* 199 AD2d 432 [1993]; *People v Hill,* 182 AD2d 640 [1992]).

The defendant's claim that the prosecutor engaged in misconduct during cross examination of his codefendant and on summation is unpreserved for appellate review (*see People v Aponte, supra; People v Haripersaud,* 24 AD3d 468 [2005]; *People v Hudgins,* 20 AD3d 489 [2005]; *People v Warren,* 12 AD3d 708 [2004]) and, in any event, without merit (*see People v Aponte, supra*). Krausman, J.P., Mastro, Fisher and Covello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR GARCIA, Appellant. [812 NYS2d 374]—Appeals by the defendant from two judgments of the County Court, Orange County (Rosenwasser, J.), both rendered January 24, 2005, convicting him of criminal possession of a controlled substance in the second degree under indictment No. 04-00551 and criminal possession of a controlled substance in the third degree under indictment No. 04-00594, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.