◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY FREYCINET, Appellant. [839 NYS2d 770]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered May 2, 2005, convicting him of manslaughter in the second degree, tampering with physical evidence, and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly determined that the non-opinion portion of the autopsy report was nontestimonial in nature (*see Crawford v Washington*, 541 US 36 [2004]), and, thus, was admissible under the business records exception to the hearsay rule even though the doctor who had prepared the report was

unavailable (*see United States v Feliz*, 467 F3d 227, 229 [2006]; *People v Durio*, 7 Misc 3d 729, 734-736 [2005]; *see also People v Grogan*, 28 AD3d 579 [2006]).

The defendant also contends that the prosecution failed to disprove his defense of justification beyond a reasonable doubt because his testimony that he accidentally stabbed his girlfriend, who had reached for the knife first, as they were struggling over it, was unrebutted. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant, who was considerably larger than the victim, could not reasonably have believed that the victim was about to use deadly physical force against him because she was lying beneath him on her back and was unarmed when he stabbed her in the side of her face with the knife (*see People v Jones*, 3 NY3d 491, 496 [2004]; *People v Chung*, 39 AD3d 558 [2007]; *People v Henegan*, 150 AD2d 606 [1989]; *see also People v Krebs*, 11 AD3d 713 [2004]; Penal Law § 35.15 [2] [a]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Schmidt, J.P., Santucci, Skelos and Lifson, JJ., concur.