■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUEGGIE DOWLING, Appellant. [854 NYS2d 762]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered March 2, 2005,

convicting him of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenges to various questions posed by the prosecutor during cross-examination of the defendant, as well as comments made during summation, are unpreserved for appellate review. In the few instances when the defendant did object, he either made only general objections or failed to request a curative instruction when an objection was sustained (*see* CPL 470.05 [2]; *People v Haripersaud*, 24 AD3d 468 [2005]; *People v Ivory*, 307 AD2d 1000, 1001 [2003]). In any event, his contentions are without merit (*see People v Haripersaud*, 24 AD3d 468 [2005]; *People v Mendoza*, 304 AD2d 774, 774-775 [2003]; *People v Elliot*, 216 AD2d 576, 577 [1995]).

Contrary to the defendant's contentions, he was not denied his Sixth Amendment right to confrontation when the trial court admitted testimony based on an autopsy report without the testimony of the medical examiner who prepared the report. The testimony was properly limited to the non-opinion portion of the autopsy report which was nontestimonial in nature (*see Crawford v Washington*, 541 US 36 [2004]; *People v Freycinet*, 41 AD3d 731, 731-732 [2007], *lv granted* 9 NY3d 922 [2007]; *People v Bryant*, 27 AD3d 1124, 1125-1126 [2006]; *United States v Feliz*, 467 F3d 227, 229 [2006], *cert denied sub nom. Erbo v United States*, 549 US —, 127 S Ct 1323 [2007]; *see also People v Rawlins*, 10 NY3d 136 [2008]). Lifson, J.P., Florio, Covello and Eng, JJ., concur.