■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC JEAN, Appellant. [902 NYS2d 432]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered October 23, 2006, convicting him of robbery in the second degree, attempted robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

The defendant's contention that he was deprived of the effective assistance of counsel involves matter dehors the record which cannot be reviewed on direct appeal (*see People v Surin*, 70 AD3d 731, 732 [2010]; *People v Jean-Marie*, 67 AD3d 704, 706 [2009]; *People v Shakespeare*, 63 AD3d 861 [2009]; *People v Ballinger*, 62 AD3d 895, 896 [2009]; *People v Krebs*, 11 AD3d 713 [2004]; *People v Zimmerman*, 309 AD2d 824 [2003]; *People v Bennett*, 284 AD2d 338 [2001]; *People v Martin*, 271 AD2d 459 [2000]). Moreover, "[a]lthough the defendant made a post-conviction motion to vacate the judgment pursuant to CPL article 440, the issues raised in that motion are not properly before us, as he was denied leave to appeal from the [order denying] that motion" (*People v DeLuca*, 45 AD3d 777, 777-778 [2007]; *see People v Rivas*, 206 AD2d 549, 550 [1994]). Rivera, J.P., Covello, Balkin and Hall, JJ., concur.