■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARDO DEJESUS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered May 13, 1986, convicting him of rape in the first degree and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

We find that the Assistant District Attorney's cross-examination of the defendant and her remarks during summation

exceeded the bounds of proper advocacy and as a result, deprived the defendant of his right to a fair trial.

Throughout her summation, the Assistant District Attorney chose to appeal to the fears and emotions of the jurors rather than to focus on the evidence adduced at trial. At one point she improperly advised the jury that "The greatest injustice done in this case is for you to acquit that man because he chose to rape someone he knew. If that's what you do, then you're licensing people in this community to go out and rape people they know" *(cf., People v Watson,* 111 AD2d 888 [condemning "safe streets" argument]). She continued her emotional appeal by improperly referring to the jurors' families as possible victims ("because if any one of your children or wives were raped by someone, you would not expect a jury to [acquit]") *(see, People v Calderon,* 88 AD2d 604), and by improperly singling out two female members of the jury *by name* and specifically asking them, "does a woman have a right to say on that day to a man that she knew, that she didn't want to have sex with him?"

Further, it was improper and prejudicial for the Assistant District Attorney in her summation to imply that the defendant had previously committed the crime of rape *(see, People v Bannerman,* 110 AD2d 706, 707) by stating that: "Ladies and gentlemen, it reminds me of [the man who kills his mother and father and asks for mercy from the court] because he chose someone he knew to rape and he raped her in the manner that he did, so that he could come to court and say 'Look there's no force, there's no weapon, there's no injury'. Well what do you expect him to do? Grab somebody on the street, pull her into an alleyway with a knife? *That's not the way this guy rapes"* (emphasis added). From the foregoing language, the jury could draw the inference that the defendant had committed other rapes.

Finally, the Assistant District Attorney improperly attempted to shift the burden of proof to the defendant in that (1) during her summation, she argued "Tell me, tell me why this woman would come into this courtroom and accuse the man of rape. Tell me why, ladies and gentlemen. Think about why. *It is the thing that is not clearly established by the defense"* (emphasis added; *see, People v Kent,* 125 AD2d 590), and (2) during her cross-examination of the defendant, she inquired about his need for, and preparation of, a defense.

Although some of the Assistant District Attorney's remarks were not objected to, and the trial court did give curative

instructions as to others, the cumulative effect of all the errors requires reversal of the conviction and a new trial, particularly in light of the less than overwhelming evidence of the defendant's guilt. Thompson, J. P., Lawrence, Weinstein and Rubin, JJ., concur.