■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONSTANTINE JACKSON, Appellant. [612 NYS2d 96] —Judgment unanimously affirmed. Memorandum: The suppression court properly determined that exigent circumstances justified the warrantless entry of the apartment occupied by defendant and the codefendant *(see, People v Burr,* 124 AD2d 5, *affd* 70 NY2d 354, *cert denied* 485 US 989; *People v Williams,* 181 AD2d 474, *lv denied* 79 NY2d 1055). Prior to that entry, the police had probable cause to believe that defendant and the codefendant had assaulted two victims with a wooden board, and possibly a hammer, in separate incidents committed only hours before.

The police also had strong reason to believe that defendant and the codefendant were at the apartment. When the officers arrived, the apartment door was open and they observed the codefendant apparently asleep on a couch. A butcher's knife was in plain view on the floor and within the codefendant's reach. Although the officers did not observe defendant or the codefendant attempting to escape, they testified that an escape route existed through back windows of the apartment. Further, although the officers entered with guns drawn, entry through the open door was otherwise peaceful.

There is no merit to defendant's contention that the proof is legally insufficient to support the jury's verdict with respect to assault and robbery in the first degree, or that the jury verdict is contrary to the weight of evidence (see, People v Bleakley, 69 NY2d 490, 495). Further, the single alleged instance of prosecutorial misconduct was not egregious and did not deprive defendant of a fair trial (cf., People v Mott, 94 AD2d 415, 419).

Defendant, by asserting different grounds on his pretrial motion for a severance, failed to preserve for review the specific grounds advanced on appeal (see, People v Hill, 190 AD2d 990, lv denied 81 NY2d 1014). Defendant also failed by timely objection to preserve for review his contention that the jury's verdict was repugnant (see, People v Satloff, 56 NY2d 745; People v Stahl, 53 NY2d 1048). In any event, neither issue has merit. Also without merit is defendant's contention that the sentence imposed is harsh or excessive. (Appeal from Judgment of Onondaga County Court, Burke, J.—Assault, 1st Degree.) Present—Pine, J. P., Balio, Lawton, Davis and Boehm, JJ.