■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN McNAIR, Appellant. [635 NYS2d 885] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of nine counts of murder in the second degree and other crimes arising out of the shooting deaths of three individuals and the wounding of a fourth. Defendant contends that his trial should have been severed from that of his codefendant because the core of each defendant's defense was in irreconcilable conflict with the other and there was a significant danger that the conflict alone would lead the jury to infer defendant's guilt *(see, People v Mahboubian,* 74 NY2d 174, 184-186). Although defendant made an oral motion to sever just prior to jury selection *(cf.,* CPL 255.20 [1]; *People v Harvey,* 198 AD2d 828, *lv denied* 83 NY2d 805; *People v Verkey,* 185 AD2d 622, 623-624), he failed to argue the grounds advanced on appeal and thus has failed to preserve those grounds for our review *(see, People v Jackson,* 203 AD2d 956, 957, *lv denied* 84 NY2d 827; *People v Hill,* 190 AD2d 990, *lv denied* 81 NY2d 1014). In any event, we conclude that defendant's contention is without merit. Each defendant claimed that he was not present at the time of the shootings, and knew nothing about them; thus, the "core" of each defense is not in irreconcilable conflict with the other *(see, People v Hill, supra; People v Glover,* 165 AD2d 761, 762, *lv denied* 77 NY2d 877; *cf., People v Mahboubian, supra,* 74 NY2d, at 185-186).

The evidence, viewed in the light most favorable to the People, is legally sufficient to support a finding of guilt beyond a reasonable doubt *(see, People v Cabey,* 85 NY2d 417, 420). The sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, McCarthy, J.—Murder, 2nd Degree.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.