■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER REED, Appellant. [654 NYS2d 498] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him following a jury trial of, *inter alia,* nine counts of murder in the second degree, defendant contends that County Court should have granted his severance motion because the core of his defense was in irreconcilable conflict with that of his codefendant (*see, People v Mahboubian,* 74 NY2d 174, 184). Because defendant in moving for severance did not argue the ground advanced on appeal, he has failed to preserve his contention for our review (*see, People v Jackson,* 203 AD2d 956, 957, *lv denied* 84 NY2d 827; *People v Hill,* 190 AD2d 990, *lv denied* 81 NY2d 1014). In any event, as we concluded in codefendant's appeal, "[e]ach defendant claimed that he was not present at the time of the shootings, and knew nothing about them; thus, the 'core' of each defense is not in irreconcilable conflict with the other" (*People v McNair,* 222 AD2d 1008, *lv denied* 88 NY2d 850).

Defendant contends in his *pro se* supplemental brief that the court erred in discharging a sworn juror who informed the court before opening statements that she was sick and could not continue. We disagree. The record establishes that the court conducted a "reasonably thorough inquiry" to determine whether the juror could continue (*People v Page,* 72 NY2d 69, 73). The Trial Judge spoke to the juror by telephone and received a letter from her doctor, who stated that she suffered from otitis media and would therefore be unavailable for at least two weeks. Under the circumstances, the court did not improvidently exercise its discretion in discharging the juror and replacing her with an alternate (*see, People v Harris,* 204 AD2d 240, *lv denied* 84 NY2d 826; *People v Gordon,* 185 AD2d 199, *lv denied* 80 NY2d 904; *People v Moore,* 177 AD2d 653, 654, *lv denied* 79 NY2d 951).

Defendant failed to preserve for our review his contention that the court erred in failing to instruct the jury that the evidence relating to the separate crimes in the indictment should be separately considered and that evidence of guilt with respect to one crime may not be considered proof of guilt of the others (*see,* CPL 470.05 [2]; *see generally, People v Harris,* 51 AD2d 937). In any event, we conclude that, because the primary issue at trial for all charges was identification and the charges arose from incidents occurring at the same location at

roughly the same time, the court's failure to instruct the jury to consider the evidence separately as it related to the separate crimes did not deprive defendant of a fair trial (*see, People v Grate,* 122 AD2d 853, 855, *lv denied* 68 NY2d 1000). For the same reasons, the court did not err in failing to marshall the evidence (*see, People v Grate, supra,* at 855; *People v Herbert,* 100 AD2d 883).

Contrary to defendant's contention, assault in the first degree is not an inclusory concurrent count of attempted murder in the second degree (*see,* CPL 300.40 [3] [b]; *People v Vasquez,* 209 AD2d 203, 204, *lv denied* 85 NY2d 915; *People v Littlejohn,* 141 AD2d 850). We further conclude that defendant was not entitled to notice pursuant to CPL 710.30 that a prosecution witness failed to identify him in a pretrial identification procedure (*see, People v Trammel,* 84 NY2d 584, 587-588; *People v Heath,* 219 AD2d 804, *lv denied* 87 NY2d 902, 1020).

Defendant was not deprived of a fair trial by prosecutorial misconduct during summation. The comments complained of by defendant, wherein the prosecutor questioned why various witnesses would falsely accuse him, were made in response to defense counsel's summation (*see, People v Halm,* 81 NY2d 819, 821) and did not improperly shift the burden of proof (*see, People v Guthrie,* 222 AD2d 1084, 1085, *lv denied* 87 NY2d 973; *cf., People v DeJesus,* 137 AD2d 761).

Defendant contends that he can be convicted of only one count of burglary in the first degree because there was only one unlawful entry, regardless of how many people were injured inside the dwelling (*see, People v Perrin,* 56 AD2d 957, 958). That contention is unpreserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to reach it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

We have reviewed the remaining contentions in defendant's *pro se* supplemental brief and conclude that they are lacking in merit. (Appeal from Judgment of Erie County Court, McCarthy, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Pine, Balio and Boehm, JJ.