Constantine JACKSON, Petitioner,

v.

Peter S. LACY, Superintendent at
Clinton Correctional Facility,
Respondent.

No. 97–CV–353.

United States District Court,
N.D. New York.

Sept. 29, 1999.

Constantine Jackson, Dannemora, NY, pro se.

Eliot Spitzer, Attorney General for the State of New York, Albany, NY (Jeffrey M. Dvorin, of counsel), for Defendant.

## DECISION and ORDER

McAVOY, Chief Judge.

This *pro se* action brought pursuant to 28 U.S.C. § 2254 was referred by this Court to the Honorable Ralph W. Smith, United States Magistrate Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.4.

Because objections have been filed, the Court has reviewed the record *de novo*. *See* 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]. The [Court] may also receive further evidence or recommit the matter to the magistrate [judge] with instructions." *Id.*

Having considered the record *de novo*, the Court adopts the Report–Recommendation in its entirety for the reasons stated therein.

It is therefore,

**ORDERED**, that petitioner's § 2254 petition is **DENIED** and **DISMISSED**.

**IT IS SO ORDERED.**

## REPORT RECOMMENDATION AND ORDER

RALPH W. SMITH, Jr., United States Magistrate Judge.

This matter was referred to the undersigned for a Report and Recommendation by the Honorable Thomas J. McAvoy pursuant to 28 U.S.C. § 636(b) and Local Rule 72.4. Petitioner Constantine Jackson, an inmate in the custody of the New York State Department of Correctional Services, moves for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In support of his application, Petitioner alleges the following:

(1) The warrantless entry into his apartment violated his constitutional right to be free from an unconstitutional search and seizure;

(2) The trial court judge improperly denied his motion to sever his trial from that of his co-defendant and improperly denied his motion to sever the counts involving injury to one victim from those involving another;

(3) The government did not prove beyond a reasonable doubt that he committed 1st degree assault and 1st degree robbery;

(4) He was deprived of his right to a fair trial due to prosecutorial misconduct;

(5) His conviction of 1st degree assault is repugnant and should be overturned;

(6) The sentence that he received is unduly harsh and excessive;

(7) He received ineffective assistance of counsel at both the trial and appellate levels; and

(8) While awaiting sentence at the county jail, he was beaten by several deputies, shackled, and suspended in an unnatural position.

For the reasons set forth below, the Court recommends that the petition be denied in its entirety.

## I. *Background*

On June 26, 1992, an Onondaga County Grand Jury returned Indictment Nos. 92-676-1 and 92-676-2, charging Petitioner and his co-defendant, Lynn Smith, with attempted 2nd degree murder, two counts of 1st degree robbery, 1st degree assault, two counts of 2nd degree assault, and two counts of 3rd degree criminal possession of a weapon. The charges stemmed from two separate incidents during the early hours of June 17, 1992, in which Petitioner and Smith attacked and beat Diane Bonaparte, Gerry Ratliff, and Brenda Sparkes at the Graystone Apartments in Syracuse, New York.

Both Petitioner and Smith pleaded not guilty to the charges against them, and the case proceeded to trial on October 19, 1992. On October 22, 1992, the jury convicted Petitioner of 1st degree robbery, 1st degree assault, 2nd degree assault, and both counts of 3rd degree criminal possession of a weapon. On December 21, 1992, the trial court judge sentenced Petitioner to concurrent indeterminate prison terms of 7½ to 15 years for the 1st degree robbery and 1st degree assault convictions and 3½ to 7 years for the 2nd degree assault and 3rd degree criminal possession of a weapon convictions.

Petitioner subsequently appealed his conviction to the Supreme Court of the State of New York Appellate Division, Fourth Department, on the grounds that (1) the warrantless entry into his apartment violated the federal and state constitutions; (2) the trial court judge improperly denied his motion for severance from his co-defendant and between counts of the indictment; (3) the government failed to prove, beyond a reasonable doubt, that he committed 1st degree assault and 1st degree robbery; (4) he was deprived his right to a fair trial due to prosecutorial misconduct during summation; (5) his conviction on the charge of 1st degree assault was repugnant; and (6) his sentence was harsh and excessive. By order dated April 15, 1994, the Appellate Division rejected each of Petitioner's claims and affirmed his conviction. On April 20, 1994, Petitioner filed an application to the Court of Appeals for a certificate granting leave to appeal, which was denied on August 26, 1994. This action followed.

## II. *Discussion*

### A. *The Warrantless Entry into Petitioner's Apartment*

Petitioner contends that the entry by two Syracuse police officers into his home without a warrant violated his right to be free from an unconstitutional search and seizure. Because Petitioner was afforded a full and fair opportunity to litigate this claim in state court, the Court rejects this contention.

In *Stone v. Powell*, 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *See also Gates v. Henderson*, 568 F.2d 830, 837 (2d Cir.1977) (en banc) (reaching same conclusion). The only two exceptions to this rule occur where the state either provides no corrective procedures to redress the alleged Fourth Amendment violations or where the state has provided a corrective mechanism but the defendant was precluded from using that mechanism due to an unconscionable breakdown in the underlying process. *Id.* at 840.

In the present case, neither exception applies. First, the New York State Legislature has enacted N.Y.C.P.L. § 710.10 as the vehicle by which defendants may seek to redress alleged Fourth Amendment violations. Second, Petitioner in fact moved pursuant to § 710.10 to suppress the evidence obtained against him on

the grounds that entry by the police into his apartment without a search warrant violated his right to be free from an unconstitutional search and seizure. The trial court judge held an evidentiary hearing on the issue and denied Petitioner's motion after finding that the officers' warrantless entry and subsequent arrest of Petitioner was justified by exigent circumstances. *People v. Jackson,* No. 92–676–1, 2 (N.Y. County Ct. Sept. 25, 1992). Petitioner appealed the trial court's ruling after he was convicted by a jury at trial, but the Appellate Division, Fourth Department, found that Petitioner's motion to suppress was properly denied. *People v. Jackson,* 203 A.D.2d 956, 957, 612 N.Y.S.2d 96, 96 (N.Y.App.Div.1994). Although Petitioner sought leave to appeal the Appellate Division's decision, the Court of Appeals denied Petitioner's request.

A review of Petitioner's case thus shows that he was provided a full and fair opportunity to litigate his Fourth Amendment claim at the state court level. Accordingly, the Court recommends that this portion of the petition be denied.

B. *Petitioner's Motion to Sever*

Petitioner next claims that the trial court judge improperly denied his motion to sever his trial from that of his co-defendant and to sever the counts of the indictment. The Court finds, however, that this claim is barred because the grounds raised in support thereof were not argued in the first instance before the trial court judge.

■■■■ According to the adequate and independent state ground doctrine, state courts must be given "the first opportunity to address and correct alleged violations" of the prisoner's federal rights. *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Where the state courts decline to review the prisoner's claims for failure to meet state procedural requirements, the prisoner is barred from seeking federal habeas review because the state court's decision is indepen-

dent of the federal question and adequate to support the prisoner's continued custody. *Id.* at 729–30, 111 S.Ct. 2546 (1991) (citations omitted). *See also Levine v. Commissioner of Correctional Servs.,* 44 F.3d 121, 126 (2d Cir.1995). The doctrine does not apply, however, when the decision of the last state court who rendered judgment in the case " 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.' " *Coleman,* 501 U.S. at 735, 111 S.Ct. 2546 (quoting *Michigan v. Long,* 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)).

■■ In the present case, Petitioner moved pre-trial, pursuant to *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), to sever his trial from that of his co-defendant based upon the theory that both he and his co-defendant had given statements to the authorities. Petitioner further moved to sever the trial of those counts of the indictment that involved Ratliff from those that involved Bonaparte and Sparkes on the grounds that he wished to testify with regard to some, but not all, of the counts. The trial court denied Petitioner's motion, and the case proceeded to trial. After Petitioner was convicted by a jury, he appealed his conviction to the Appellate Division and argued, inter alia, that the trial court judge had improperly denied his motion to sever. On appeal, however, Petitioner argued, first, that his motion to sever his trial from that of his co-defendant should have been granted because their defenses were mutually antagonistic and, second, that his motion to sever the counts of the indictment should have been granted in the interests of justice pursuant to N.Y.C.P.L. § 200.20(3). The Appellate Court rejected Petitioner's appeal on state law grounds, holding that, "by asserting different grounds on his pretrial motion for a severance, [Petitioner] failed to preserve for review the specific grounds ad-

vanced on appeal." *Jackson*, 203 A.D.2d at 957, 612 N.Y.S.2d at 96 (citations omitted). Although Petitioner sought leave to appeal to the Court of Appeals, this request was denied. Thus, the Appellate Court was the last state court to render judgment in Petitioner's case,[1] and it clearly stated that its judgment on his motion to sever rested on an independent state procedural bar.

■ Although there are two exceptions to the adequate and independent state ground doctrine, neither applies in this case. The first exception applies where a petitioner can show both cause for his procedural default and actual prejudice as a result of the alleged violation of federal law. *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546; *Wedra v. LeFevre*, 988 F.2d 334, 343 (2d Cir.1993). Petitioner, however, has not provided the Court with any cause for his procedural default on this claim, nor has he alleged any prejudice resulting therefrom. The second exception applies where a petitioner can demonstrate that the failure to consider his claim will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546; *Wedra*, 988 F.2d 334 at 343. Again, Petitioner offers no evidence to satisfy this standard. Accordingly, Petitioner is procedurally barred from arguing that the trial court judge improperly denied his motion to sever,[2] and the Court recommends that this portion of the petition be denied.

## C. *Petitioner's Convictions of 1st Degree Assault and 1st Degree Robbery*

Petitioner next asserts that the government failed to prove, beyond a reasonable doubt, that he committed 1st degree assault and 1st degree robbery. Because Petitioner cannot demonstrate that his conviction was based upon an unreasonable determination of the facts presented at the state court proceeding, 28 U.S.C. § 2254(d)(2), this claim must also fail.

■ When reviewing a § 2254 claim of insufficiency of the evidence, the function of the Court is not to re-weigh the evidence or to determine the credibility of witnesses. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Rosa*, 11 F.3d 315, 337 (2d Cir.1993). Rather, the Court must view the evidence in the light most favorable to the prosecution and construe all possible inferences in its favor. *Wright v. West*, 505 U.S. 277, 296–97, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)); *see also Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir.1996). Unless the Court finds that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, the conviction must stand. *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781; *Maldonado*, 86 F.3d at 35.

■ New York Penal Law § 120.10(1) provides that a person is guilty of 1st degree assault when, "[w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or dangerous instrument." The essential elements of the crime, therefore, are (1) intent to cause serious physical injury to another person; (2) infliction of such injury to such person or to another person; and (3) the use of a deadly weapon or dangerous instrument to inflict the injury. The statute further defines a "serious physical injury" as one which "creates a

---

1. Because the Court of Appeals denied Petitioner's application for leave to appeal without comment, it is presumed that it upheld the procedural bar invoked by the Appellate Division and did not reach the merits of this claim. *See Levine*, 44 F.3d at 126 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)).

2. In any event, the question raised by this claim is solely one of state law regarding the trial judge's exercise of discretion and is not appropriately raised in a § 2254 petition. *United States ex rel. Evans v. Follette*, 364 F.2d 305, 306 (2d Cir.1966).

substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." *Id.* § 10.00(10).

In the present case, Petitioner argues that the government failed to prove beyond a reasonable doubt that Ratliff sustained a serious physical injury as a result of Petitioner's actions. The Court disagrees. The trial testimony showed that Petitioner and his co-defendant, Smith, acted together and beat Ratliff with a two-by-four, a hammer, their hands, and their feet and that, as a result, Ratliff suffered a blunt head trauma and a cerebral concussion. The evidence at trial further showed that Ratliff's injuries "were serious and life threatening to the extent that had he not had a medical treatment available, he would have died or wound up with significant sequella from complications that could have happened as a result of the blows to the head and the superimposed intoxication." Tr. 404.[3] The Court thus finds that a rational trier of fact could have found that Petitioner acted with the intent to cause serious physical injury to Ratliff and, in fact, caused such injury to him by means of a deadly weapon or dangerous instrument. Accordingly, the Court recommends that this portion of the petition be denied.

The Court finds that Petitioner's challenge to his 1st degree robbery conviction is similarly without merit. New York Penal Law § 160.15(3) states that a person is guilty of 1st degree robbery "when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . [u]ses or threatens the immediate use of a dangerous instrument." Moreover, New York Penal Law § 20.00 states that, "[w]hen one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he . . . intentionally aids such person to engage in such conduct." The evidence admitted at trial showed that Petitioner and Smith, acting together, beat Ratliff with a two-by-four, a hammer, their hands, and their feet and that, in the course thereof, Smith forcibly removed Ratliff's necklace. A rational trier of fact could have found that, by using a two-by-four to beat Ratliff, Petitioner intentionally aided his co-defendant in the forcible theft of Ratliff's necklace by effectively neutralizing any resistance that Ratliff might have offered. Because the Court finds the evidence sufficient to sustain Petitioner's conviction on this count, it accordingly recommends that this portion of the petition be denied.

### D. *Petitioner's Allegation of Prosecutorial Misconduct*

 Petitioner raises two separate grounds to support his claim that he was denied his right to a fair trial due to prosecutorial misconduct. First, Petitioner alleges that the prosecutor improperly bolstered the testimony of Sparkes during closing argument. This claim, however, is not appropriately raised in a § 2254 petition. As the Southern District of New York stated:

As a threshold matter, it is well settled that federal habeas corpus relief is not available on the basis of improper prosecutorial statements at trial unless the errors, in context of the summation as a whole, were "so fundamentally unfair as to deny the [petitioner] a fair trial." *Donnelly v. DeChristoforo*, 416 U.S. 637, 645, 94 S.Ct. 1868, 1872, 40 L.Ed.2d 431 (1974). Within the broad compass of fair comment, a prosecutor may use the summation to argue the merits and thesis of her case. *See Gibilaro v. LeFevre*, 725 F.2d 199, 201 (2d Cir.1984). That

---

**3.** Page citations are to the transcript of Petitioner's trial on October 19 – October 22, 1992.

necessarily includes the right to discuss the motives and credibility of any witnesses, *see United States v. DeAngelis,* 490 F.2d 1004, 1008 (2d Cir.1974), *cert. denied,* 416 U.S. 956, 94 S.Ct. 1970, 40 L.Ed.2d 306 (1974), to marshal favorable inferences, *see United States v. Wilner,* 523 F.2d 68, 73 (2d Cir.1975), and in general to make any fair comments which the evidence supports.

*Snow v. Reid,* 619 F.Supp. 579, 583 (S.D.N.Y.1985).

Petitioner challenges the prosecutor's summation, in which she stated that Sparkes was "the key to this case," opined that Sparkes had no motivation to provide false testimony, commented on the fact that Sparkes had cried, and added, "witnesses don't do that unless what they are telling you—." Tr. 514–15. Before the prosecutor could finish her remark, Petitioner's counsel objected, and the trial court judge instructed the prosecutor to "[s]peak on about the facts of the case." Tr. 516. The Court finds that the prosecutor was merely discussing Sparkes' motives and credibility and making inferences to support her theory of the case. Because these remarks are not fundamentally unfair, especially when viewed in the context of the summation as a whole, habeas corpus relief is not available on this claim.[4] Accordingly, the Court recommends that this portion of the petition be denied.

■ Second, Petitioner claims that the prosecutor improperly withheld information regarding criminal actions pending against Sparkes and Ratliff, in violation of *People v. Rosario,* 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881 (N.Y.1961). The Rosario rule, however, "is grounded in the State's common law," and, as such, is not subject to review on a petition for a writ of habeas corpus. *United States ex rel. Butler v. Schubin,* 376 F.Supp. 1241, 1247 (S.D.N.Y.1974), *aff'd,* 508 F.2d 837 (2d Cir.1975); *see also Morrison v. McClellan,* 903 F.Supp. 428, 429 (E.D.N.Y. 1995); *Cruz v. Scully,* 716 F.Supp. 766, 769 n. 5 (S.D.N.Y.1989). Accordingly, the Court recommends that this portion of the petition be denied as well.[5]

### E. *Petitioner's Conviction of 1st Degree Assault*

■ Petitioner next contends that his conviction of 1st degree assault is inconsistent with his acquittal on one count of 1st degree robbery, and that it must, therefore, be set aside. The Court disagrees. Assuming arguendo that a conviction of 1st degree assault is repugnant to an acquittal of 1st degree robbery, this claim is not cognizable in a petition for a writ of habeas corpus. *Carr v. People of the State of N.Y.,* 1998 WL 178844, *1, *2 (E.D.N.Y. Feb.13, 1998); *Billups v. Costello,* 1992 WL 170650, *1, *4 (S.D.N.Y. Jul.6, 1992) ("As long as a conviction is the result of a fair trial at which legally sufficient evidence has been adduced, its inconsistency with another verdict does not create a constitutional defect.") (citing *Harris v. Rivera,* 454 U.S. 339, 344, 102 S.Ct. 460, 70

4. In any event, the Court finds that the trial court judge court remedied any possible prejudice by instructing the jurors that summations were not evidence and reminding them that they were solely responsible for assessing the credibility of witnesses. Tr. 520–23. Furthermore, the Court finds that Petitioner's conviction was certain in the absence of the challenged conduct. The evidence introduced against Petitioner at trial included the testimony of several eye witnesses, Petitioner's admissions to a police investigator, and his written statement that he provided to the police. Given the trial court's actions to correct any possible prejudice and the strength of the government's case, the Court finds that Petitioner's claim has no merit.

5. Further, contrary to Petitioner's assertion, his claim with regard to Sparkes does not implicate *Rosario.* To support his claim that the prosecutor failed to notify him of a criminal action that was pending against Sparkes, Petitioner states that Sparkes was transported to the Albany County Jail on May 3, 1993 pursuant to an outstanding warrant for her arrest. This action occurred almost seven months after Petitioner was convicted and, thus, could not have been disclosed by the prosecutor prior to trial.

L.Ed.2d 530 (1981)). A review of Petitioner's case shows that he received a fair trial and, as stated above, his conviction of 1st degree assault is supported by legally sufficient evidence. Accordingly, the Court recommends that this portion of the petition be denied.

### F. The Length of Petitioner's Sentence

■ Petitioner next claims that his sentence is unduly harsh and excessive. It is well-settled, however, that a prisoner may not challenge the length of a sentence that does not exceed the maximum set by state law. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.1992) (holding that, "[n]o federal Constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."). Because Petitioner's sentence falls within the range prescribed by the New York Penal Law, he does not have standing to raise this issue in his habeas corpus petition. Accordingly, the Court recommends that this portion of the petition be denied.

### G. Ineffective Assistance of Counsel

■ Petitioner also alleges that he was denied his Sixth Amendment right to effective assistance of counsel at both the trial and appellate levels. To prevail on a claim of ineffective assistance of counsel, Petitioner must show, first, that the representation that he received fell below an objective standard of reasonableness and, second, that there is a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. Further, in considering a claim of ineffective assistance of counsel, there is a strong presumption that counsel rendered reasonably effective assistance and that any challenged action might be considered sound trial strategy. *Jackson v. Leonardo*, 162

F.3d 81, 85 (2d Cir.1998). Finally, where a petitioner fails to make a sufficient showing on one prong of his ineffective assistance of counsel claim, there is no need for the Court to consider the remaining prong. *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052; *see also Mitchell v. Scully*, 746 F.2d 951, 954 (2d Cir.1984) (reaching same conclusion).

■ In the present case, Petitioner cannot demonstrate that he has been prejudiced by either his trial counsel's or appellate counsel's behavior. In addition to several eye witness accounts that were offered as evidence against Petitioner at trial, the evidence also included Petitioner's admissions to Investigator Robert Teator and his written statement that he beat up Ratliff. Because there is more than ample evidence to sustain Petitioner's conviction, he cannot demonstrate that, but for his attorneys' errors, the result of the proceedings against him would have been different. Petitioner is thus unable to satisfy both prongs of *Strickland*, and the Court accordingly recommends that this portion of the petition be denied.

### H. Petitioner's Treatment in Jail While Awaiting Sentence

■ Finally, Petitioner states that, while he was awaiting sentence at the county jail, he was beaten by several deputies, shackled, and suspended in an unnatural position. This claim, however, does not fall within the scope of 28 U.S.C. § 2254, and the Court does not consider it further.

### III. Conclusion

For the reasons set forth above, it is hereby

RECOMMENDED that Petitioner's application for a writ of habeas corpus be DENIED; and

IT IS HEREBY ORDERED that the Clerk of the Court serve a copy of this Report and Recommendation, by regular mail, upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

July 26, 1999.