■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEDRICK WOODEN, Appellant. [745 NYS2d 803] —Appeal from a judgment of Supreme Court, Monroe County (Sirkin, J.), entered December 22, 1998, convicting defendant after a jury trial of, inter alia, rape in the first degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of three counts of rape in the first degree (Penal Law former § 130.35 [1]; § 20.00, former § 130.35 [1]), four counts of sodomy in the first degree (former

§ 130.50 [1]; § 20.00, former § 130.50 [1]), five counts of sexual abuse in the first degree (former § 130.65 [1]; § 20.00, former § 130.65 [1]), and two counts of attempted sodomy in the first degree (§§ 20.00, 110.00, former § 130.50 [1]). Defendant's contention that Supreme Court erred in admitting the allegedly inflammatory testimony of the People's expert was previously raised in the appeal of a codefendant, wherein we determined that the contention lacks merit (*People v Cook*, 286 AD2d 917, *lv denied* 97 NY2d 680). We further reject defendant's contention that the expert's testimony impermissibly shifted the burden of proof to defendant. "The testimony was admissible to establish that a lack of semen does not preclude a finding that a rape occurred" (*id.*; *see also People v Houston*, 250 AD2d 535, 536, *lv denied* 92 NY2d 983) and cannot be said to have shifted the burden of proof to defendant. Defendant failed, however, to preserve for our review his remaining contentions concerning the alleged absence of a proper foundation for the expert's testimony and a proper showing that such testimony is generally accepted in the scientific community (*see generally People v Dawson*, 50 NY2d 311, 324). In addition, the further contention of defendant that the court should have severed his trial from that of his codefendants based upon alleged threatening statements made to the victims by certain codefendants is also unpreserved for our review. Defendant's pretrial severance motion was premised upon a ground different from the ground now raised on appeal (*see People v Reed*, 236 AD2d 866, 866, *lv denied* 89 NY2d 1099; *see also People v Jackson*, 203 AD2d 956, 957, *lv denied* 84 NY2d 827). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, although defendant is correct that the aggregate maximum term of imprisonment imposed by the court exceeds the permissible maximum term, the sentence with respect to each count is within the legal parameters. Thus, the aggregate maximum term of imprisonment is reduced by operation of law to 25 to 50 years (*see* Penal Law § 70.30 [1] [e] [vi]). The sentence is not unduly harsh or severe. Present—Green, J.P., Hayes, Wisner, Burns and Lawton, JJ.