◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE BARBER, Appellant. [750 NYS2d 206] —Appeal from a judgment of Supreme Court, Monroe County (Sirkin, J.), entered December 22, 1998, convicting defendant after a jury trial of, inter alia, rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of one count of rape in the first degree (Penal Law former § 130.35 [1]), two counts of sodomy in the first degree (former § 130.50 [1]), four counts of sexual abuse in the first degree (former § 130.65 [1]), and one count of attempted sodomy in the first degree (§ 110.00, former § 130.50 [1]). We have previously determined in the appeal of a codefendant that, to the extent that defendant contends that Supreme Court erred in admitting allegedly inflammatory expert testimony, that contention lacks merit (*People v Wooden*, 296 AD2d 865, 866, citing *People v Cook*, 286 AD2d 917, *lv denied* 97 NY2d 680). We likewise reject defendant's contention that the expert's testimony invaded the province of the jury. As we concluded in *Wooden*, the testimony " 'was admissible to establish that a lack of semen does not preclude a finding that a rape occurred' * * * and cannot be said to have shifted the burden of proof to defendant" (*id.*). Defendant failed to preserve for our review his contention concerning the alleged lack of a proper foundation for the expert's testimony (*see id.*; *see generally People v Dawson*, 50 NY2d 311, 324).

Contrary to the further contention of defendant, the court properly denied his motion to suppress the videotape of the incident that a police officer seized after stopping defendant in his vehicle. Defendant concedes that the officer had probable cause to arrest him based on the information that the officer had received concerning the incident, defendant's appearance and his vehicle. That officer had also been informed that a videotape had been made of the incident. When the officer stopped defendant, the videotape was "in plain view in the back seat of the vehicle" and thus "[the officer] lawfully entered the vehicle to seize it" (*People v Wilson*, 284 AD2d 960, 961, *lv denied* 97 NY2d 689; *see People v Beriguette*, 84 NY2d 978, 980, *rearg denied* 85 NY2d 924).

The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495). The contentions raised by defendant with respect to the credibility of the victims were matters for the jury to resolve, and we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see id.*). The sentence is not unduly harsh or severe. Present—Green, J.P., Hayes, Hurlbutt, Burns and Gorski, JJ.