People v Rideout (2024 NY Slip Op 05720)

People v Rideout

2024 NY Slip Op 05720

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

761 KA 18-00224

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COLIN A. RIDEOUT, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered October 13, 2017. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and tampering with physical evidence (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]) and two counts of tampering with physical evidence (§ 215.40 [2]). Contrary to defendant's contention, we conclude that the circumstantial evidence, when viewed in the light most favorable to the People (see People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]), is legally sufficient to support the conviction of murder in the second degree (see People v Neulander, 221 AD3d 1412, 1412-1413 [4th Dept 2023], lv denied 41 NY3d 984 [2024]; People v Maull, 167 AD3d 1465, 1466 [4th Dept 2018], lv denied 33 NY3d 951 [2019]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime of murder in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict on that count is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant's contention that Supreme Court should have severed his trial from that of his codefendants is not preserved for our review because his motions for severance were based on different grounds than those he now raises on appeal (see People v Rolldan, 175 AD3d 1811, 1812 [4th Dept 2019], lv denied 34 NY3d 1081 [2019]; People v Howie, 149 AD3d 1497, 1499 [4th Dept 2017], lv denied 29 NY3d 1128 [2017]; People v Wooden, 296 AD2d 865, 866 [4th Dept 2002], lv denied 99 NY2d 541 [2002]). In any event, we conclude that defendant's contention lacks merit (see generally People v Mahboubian, 74 NY2d 174, 183-185 [1989]). Finally, we reject defendant's contention that the sentence imposed by the court—consecutive indeterminate terms aggregating to 27&frac23; years to life imprisonment—is unduly harsh and severe.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court