■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDIA COOPER, Appellant.—Appeal by the defendant from a judgment of the County Court (Lawrence, J.), rendered April 19, 1983, convicting her of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Since defense counsel failed to challenge the verdict acquitting the defendant of robbery in the first degree and convicting her of robbery in the second degree as repugnant prior to the court's discharge of the jury, the issue was not preserved for appellate review *(see, People v Alfaro,* 66 NY2d 985; *People v Satloff,* 56 NY2d 745; *People v Stahl,* 53 NY2d 1048; *People v Howard,* 107 AD2d 712). In any event, a verdict will only be found repugnant if, in view of the actual charge given, it is inherently self-contradictory *(see, People v Tucker,* 55 NY2d 1, *rearg denied* 55 NY2d 1039; *People v Campbell,* 100 AD2d 517). Based upon the instant record, the jury could have found that the small broken knife described by the complainant was not a "dangerous instrument" and thus that the People had failed to prove robbery in the first degree (Penal Law § 160.15 [3]). However, such a finding does not necessarily preclude the establishment of the element of force required in order to convict the defendant of robbery in the second degree. There was sufficient evidence that the defendant and her accomplice compelled the complainant to surrender his property by force when viewed under the totality of the facts attendant to the incident *(see, People v Woods,* 41 NY2d 279).

We have considered the other contentions raised by the defendant and find them either to be without merit or unpreserved for our review. Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.