■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTTO CHANDLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered January 14, 1982, convicting him of murder in the second degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Chetta, J.), after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of identification testimony.

Judgment affirmed.

At the Wade hearing, there was conflicting testimony regarding whether one of the complaining witnesses was shown a six-person photographic array. Detective Bleuze and the complaining witness testified that there was such a viewing, but Detective Bleuze did not have the photographs, and said that Detective Saia would have them because he actually displayed the array. However, Detective Saia testified that he

never displayed such an array, nor did he have the photographs in that array in his possession. It is undisputed that the complaining witness was first shown a packet of 27 photographs. At that time, he did not select the defendant's photograph, but picked out other photographs. The six-man photographic array was allegedly displayed some time afterwards, at which time complainant picked out the defendant's picture. Subsequently, he identified the defendant in a corporeal lineup. The hearing court credited Detective Saia's version of the events, and permitted the complainant to make an in-court identification.

Assuming, arguendo, that the hearing court's determination was not correct, we conclude that any error was harmless. There was an identification by another eyewitness, the defendant made a confession to the police regarding his part in the crimes charged, and two of his fingerprints were found inside one of the cash registers at the crime scene. Accordingly, the evidence connecting the defendant with the crimes was overwhelming.

The defendant's remaining contentions have been considered and found to be without merit. Lazer, J. P., Niehoff, Kooper and Spatt, JJ., concur.