■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL K. ZAGORSKI, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered November 7, 1986, convicting him of robbery in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered, that the judgment is affirmed.

The prosecution proved beyond a reasonable doubt that at approximately 9:15 A.M. on December 17, 1982, the defendant entered the American Savings Bank in Wantagh, New York, and announced "[this is] a holdup. Everybody stay calm. Nobody will get hurt". The evidence for the prosecution

further established that the defendant, who was wearing a ski mask over his face, then jumped over the counter into the teller unit and proceeded to demand of the various tellers on duty that they produce whatever money they had. The defendant took several thousand dollars from the various bank tellers, all the while threatening them with remarks such as "don't f— around" and "do as I say and nothing will happen". The defendant then left the bank.

On appeal, the defendant argues that because he displayed no weapon during the course of this crime, and did not physically coerce any of the victims, as a matter of law, he is not guilty of robbery in the third degree (Penal Law § 160.05).

A person is guilty of robbery in the third degree, as charged in the present case, only if his crime involved a threat of the "immediate use of physical force" (Penal Law §§ 160.00, 160.05). The statute does not require the use or display of any weapon, nor does it require that the victim be physically injured or even touched. Further, "[t]he statute does not require the use of any words whatsoever, but merely that there be a threat, whatever its nature, of the immediate use of physical force" *(People v Woods,* 41 NY2d 279, 283). Whether the prosecution has proved that the defendant made such a threat is a question to be decided by the jury "under the totality of the facts" *(People v Cooper,* 118 AD2d 721, *lv denied* 67 NY2d 1051). The threatened use of force may be implicit in the defendant's conduct, and need not be verbally expressed *(see, People v Brown,* 100 AD2d 879, 882).

Considered in light of these principles, the defendant's contention that his guilt of robbery in the third degree was not proved is clearly meritless. The obvious implication of a remark such as "do as I say and nothing will happen" is that, should the speaker not be obeyed, something untoward would in fact happen. The jury was justified in concluding in light of the circumstances of this case that the defendant was fully prepared to use violence in the event that his demands did not meet with immediate compliance. The defendant's guilt was therefore proved beyond a reasonable doubt.

The defendant's additional contention that the court erred in refusing to instruct the jury with respect to the crime of grand larceny in the third degree as a lesser included offense is not properly before this court. The defendant's trial counsel at one point addressed the court, prior to the charge, and stated, "You're not going to charge larceny in case there is no force?" This remark is ambiguous, and could be interpreted as a request *not* to deliver such a charge. The defendant's argu-

ment in this regard is therefore not properly preserved for appellate review (CPL 470.05 [2]).

The defendant's remaining contentions are similarly unpreserved for appellate review, or meritless. Niehoff, J. P., Mangano, Bracken and Eiber, JJ., concur.