■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garry, J.), rendered December 10, 1986, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALDO LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered August 24, 1988, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the evidence, when viewed in a light most favorable to the prosecution, was legally sufficient to support the conviction (see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Although the defendant contends that there was insufficient proof to establish that he "forcibly" stole property (see, Penal Law §§ 160.00, 160.10), we note that the statute merely requires that there be a threat, whatever its nature, of the immediate use of physical force (see, People v Woods, 41 NY2d 279, 283). The threatened use of force may be implicit in the defendant's conduct or when viewed under the totality of facts attendant to the incident (see, People v Zagorski, 135 AD2d 594; People v Hope, 128 AD2d 638; People v Cooper, 118 AD2d 721).

In this case, the jury was justified in concluding that the actions of the defendant and his two accomplices conveyed the threat of the immediate use of force in the event that their demands met with resistance. Since there was sufficient evidence that the complainant was compelled to surrender her property by the threat of force, the judgment convicting the defendant of robbery in the second degree is affirmed. Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.