■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered August 21, 1990, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the People failed to prove his guilt of robbery in the second degree beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence adduced at trial established that the defendant was one of several assailants who robbed the complainant on a Brooklyn street. The complainant identified the defendant in court as one of the men who grabbed him around the neck, in what the complainant described as "a wrestler's sleeper hold", while his pockets were being rifled by other perpetrators. This attack was witnessed by five police officers who happened to be driving by at the time. These officers interrupted the attack and the defendant was arrested moments later after a brief foot chase during which the arresting officer maintained constant visual contact. The arresting officer identified the defendant in court, and a second officer identified the defendant as the assailant who had the complainant locked in a "choke hold". Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find that they do not warrant reversal *(see, People v James,* 100 AD2d 552; *People v Wicker,* 72 AD2d 611; *see also, People v Anderson,* 136 AD2d 712; *People v Chandler,* 119 AD2d 686). Thompson, J. P., Miller, Ritter and Copertino, JJ., concur.