■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL VEGA, Appellant.—Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J., on *Wade* motion; Juanita Bing Newton, J., at jury trial and sentence), rendered March 26, 1990, convicting defendant of three counts of robbery in the first degree, and one count of attempted robbery in the first degree, and sentencing him to concurrent terms of 7 to 21 years on the first degree robbery counts, and 5 to 15 years on the remaining count, unanimously affirmed.

Defendant and an accomplice robbed, or attempted to rob, persons at two separate stores in Manhattan some three weeks apart. After the second incident, a witness saw the two men leave the premises and enter a vehicle. He recorded the

license plate number. Both individuals were apprehended driving the vehicle three days later. Separate lineups of defendant and his accomplice were conducted. Two witnesses identified defendant, but not his accomplice; a third witness identified both men; and a fourth witness made no identification. The co-defendant, who earlier pleaded guilty, testified at trial that defendant was not present at either incident.

Initially, as to the composition of the lineup, which the suppression court found free of any taint of suggestiveness, defendant contends that the loss of the lineup photograph sometime after trial mandates the application of a presumption that the lineup was suggestive. This Court previously declined to hold that a presumption of suggestiveness applies (People v Gonzalez, 168 AD2d 283, lv denied 77 NY2d 961), and we discern no reason to depart from this precedent, especially where the written record leaves the distinct impression that the suppression court, which viewed the photograph, committed no error.

Defendant's contention that testimony that two witnesses failed to identify the co-defendant in a lineup, and that the third identified both suspects, was erroneously admitted is not preserved for review and we decline to reach it in the interest of justice. Were we to reach this contention, we would find it to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger and Kupferman, JJ.