■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM EDMONDS, Appellant. [637 NYS2d 71] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered January 29, 1992, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. At a *Wade* hearing, photographs of the lineup were viewed by the court, which found that all the participants in the lineup were remarkably similar in general appearance despite the statistical age and height differences between defendant and the fillers. There is no requirement that lineup participants be "nearly identical in appearance"; they need only have a sufficient resemblance to each other to avoid a "substantial likelihood that the defendant would be singled out for identification" (*People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833). The loss of the lineup pictures sometime after trial does not invoke a presumption of suggestiveness (*People v Vega*, 190 AD2d 535, *lv denied* 81 NY2d 1081).

Defendant's claim that the court made insufficient inquiry of a juror before excusing her, where she had claimed to be at risk of losing the down payment on her new home, and the home itself, is without merit. The court carefully considered the factors set forth in *People v Page* (72 NY2d 69, 73), and it is clear that the juror was excused on the basis of genuine hardship, not mere inconvenience (*see, People v Belgrave*, 172 AD2d 335, *lv denied* 78 NY2d 962).

Defendant's claim that evidence of his involvement in a drug

organization was reversible error is without merit since that evidence provided motive, relevant background information and completed the narrative of events leading up to the shooting (*People v Zorilla*, 211 AD2d 582). Moreover, the jurors were repeatedly instructed as to the limited purpose for which such evidence was admitted, and directed not to consider that evidence for any other purpose. Any error in this regard would have been harmless in view of the overwhelming evidence of guilt.

We have considered defendant's remaining contentions, including those contained in his *pro se* supplemental brief, and find them to be without merit. Concur—Sullivan, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.