■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD FORE, Appellant. [648 NYS2d 108] —Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered September 30, 1994, convicting him of robbery in the third degree and grand larceny in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. A person is guilty of robbery in the third degree only if his crime involved a threat of the "immediate use of physical force" (Penal Law §§ 160.00, 160.05). The statute does not require the use or display of any weapon, nor does it require that the victim be physically injured or even touched *(People v Zagorski,* 135 AD2d 594, 595). Moreover, "[t]he statute does not require the use of any words whatsoever, but merely that there be a threat, whatever its nature, of the immediate use of physical force" *(People v Woods,* 41 NY2d 279, 283).

At bar, the complainant testified that after the defendant lured him into letting the defendant into his car, the defendant stated, "Do as I tell you and you won't get hurt". Thus, there clearly was legally sufficient evidence to lead any rational trier of fact to conclude that the defendant was prepared to use violence in the event the complainant did not comply with his demands *(see, People v Lopez,* 161 AD2d 670; *People v Zagorski, supra).*

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's further contention there is no prohibition against the same Judge conducting a pretrial hearing as well as the trial itself *(see, People v Moreno,* 70 NY2d 403). Here, the defendant chose a Bench trial based on a fully informed waiver of his right to a jury trial *(see, People v Moreno, supra).* "In the absence of a showing of prejudice, the Trial Judge is presumed, by virtue of his learning and experi-

ence, to have considered only the competent evidence adduced in reaching his determination" *(People v Latella,* 112 AD2d 324; *see also, People v Brown,* 24 NY2d 168; *People v Lombardi,* 76 AD2d 891).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Joy, Altman and Hart, JJ., concur.