■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO POGO, Appellant. [722 NYS2d 7] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J., at suppression hearing; John Moore, J., at jury trial and sentence), rendered April 3, 1998, convicting defendant of two counts of robbery in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 20 years, unanimously affirmed.

The evidence was sufficient to establish defendant's guilt of both counts of robbery. Defendant's intent to appropriate one complainant's ring "was adequately demonstrated by his stated demand [at gunpoint] that the complainant turn it over, a demand lacking any non-larcenous explanation" (*Matter of Yiell C.*, 253 AD2d 718, 719). The fact that defendant returned

the ring at the complainant's request, after his accomplice had successfully taken the other complainant's money, is not inconsistent with his original larcenous intent (*id.*). The jury could have reasonably concluded that defendant returned the ring, not because of an original lack of intent to steal the ring, but because of his satisfaction with the amount of money obtained by the accomplice.

Defendant's suppression motion was properly denied. The hearing court, after viewing the lineup photograph, concluded that the lineup was not unduly suggestive, and there is no basis upon which to disturb that determination (*see, People v Edmonds*, 223 AD2d 455, *lv denied* 88 NY2d 984; *People v Vega*, 190 AD2d 535, *lv denied* 81 NY2d 1081; *People v Gonzalez*, 168 AD2d 283, *lv denied* 77 NY2d 961).

The challenged portions of the prosecutor's opening remarks and summation did not deprive defendant of a fair trial (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal since it involves questions of trial strategy and other matters dehors the record. To the extent the available record permits review, it establishes that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

We perceive no basis for reduction of sentence. Concur— Nardelli, J. P., Williams, Tom, Lerner and Rubin, JJ.