■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM OCASIO, Appellant. [732 NYS2d 895] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered December 11, 2000, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review since he did not specify this ground in his motion to dismiss at trial (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). The evidence of the defendant's agitated and threatening words and conduct during the incident sufficed to establish a threat of immediate use of physical force (*see,* Penal Law § 160.00; *People v Woods,* 41 NY2d 279; *People v Fore,* 231 AD2d 590; *People v Zagorski,* 135 AD2d 594). Krausman, J. P., S. Miller, Smith and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS PONCE, Appellant. [734 NYS2d 456] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered October 13, 1999, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the circumstances of this case, the defendant was not deprived of his right to be present at a material stage of the trial (*see, People v Velasco,* 77 NY2d 469). O'Brien, J. P., Altman, Goldstein and H. Miller, JJ., concur.