■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE L. BUCKLEY, Appellant. [750 NYS2d 617] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered July 23, 2001, convicting him of burglary in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his statement to the police, which was made orally by the defendant and transcribed by a police officer, was admissible even though he now claims to be illiterate. The statement was transcribed contemporane-

ously with the defendant's spoken word. When the statement was completed, the police detective read it aloud to the defendant, who indicated that it was correct and then signed it. Under these facts, the statement was properly admitted into evidence (*see People v Giro,* 197 NY 152; *People v Montero,* 273 AD2d 128).

The defendant's contention that he did not knowingly and intelligently waive his right to a jury trial is also without merit. After consulting with his attorney, the defendant acknowledged the waiver in open court, was questioned by the court regarding his understanding of the waiver, and confirmed that he wanted to waive his right to a trial by jury. Therefore, the defendant's waiver of a jury trial was made voluntarily, knowingly, and intelligently (*see People v Livingston,* 184 AD2d 529). Furthermore, there is no prohibition against the same judge presiding over the pretrial suppression hearing and the trial itself (*see People v Moreno,* 70 NY2d 403; *People v Brown,* 24 NY2d 168; *People v Fore,* 231 AD2d 590).

In addition, the court providently exercised its discretion in allowing the prosecution to cross-examine the defendant, in the event he took the stand, regarding two prior convictions for petit larceny and one prior conviction for criminal impersonation, as those offenses involve acts of dishonesty and untrustworthiness (*see People v Sandoval,* 34 NY2d 371; *People v Miller,* 199 AD2d 422; *People v Johnson,* 122 AD2d 812). Further, the court correctly declined to consider criminal trespass as a lesser included offense since no request for its inclusion was ever made (*see* CPL 300.50 [2]; *People v Handy,* 123 AD2d 398).

The defendant's remaining contentions are without merit. Santucci, J.P., Feuerstein, O'Brien and Schmidt, JJ., concur.