In the Matter of THOMAS C., a Person Alleged to be a Juvenile Delinquent, Appellant. [866 NYS2d 695]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Nassau County (Lawrence, J.), dated March 2, 2007, which, upon a fact-finding order of the same court dated January 2, 2007, made after a hearing, finding that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, attempted robbery in the second degree (four counts), and attempted grand larceny in the fourth degree (four counts), adjudged him to be a juvenile delinquent and placed him on probation for a period of two years. The appeal from the order of disposition brings up for review the fact-finding order dated January 2, 2007.

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed, against the complainant Kajal M., acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree and attempted grand larceny in the

fourth degree, and substituting therefor a provision dismissing those counts of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order dated January 2, 2007 is modified accordingly.

The evidence presented by the presentment agency established that the appellant was part of a group of individuals who surrounded three boys, demanded money from them, searched their pockets, and hit them. The complainant Kajal M. arrived at the scene at some point after the incident began, and there was no evidence that any of the perpetrators directed any conduct, threats, or words toward her (*cf. People v Zagorski,* 135 AD2d 594 [1987]). Since the presentment agency failed to demonstrate that Kajal M. was anything more than a mere spectator, the evidence was legally insufficient to establish that the appellant committed acts against her which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree and attempted grand larceny in the fourth degree.

Contrary to the appellant's contention, the evidence was legally sufficient to establish the remaining charges, despite the lack of identification testimony during the fact-finding hearing. The statement made by the appellant to a police officer, which was reduced to writing and signed by the appellant, clearly established the appellant's identity as one of the perpetrators, and was sufficiently corroborated by the testimony of the complaining witnesses (*see* Family Ct Act § 344.2 [3]; *Matter of Carmelo E.,* 57 NY2d 431, 438 [1982]; *Matter of Gordon L.,* 288 AD2d 475, 476 [2001]; *Matter of David B.,* 259 AD2d 986 [1999]).

The appellant's remaining contention is unpreserved for appellate review. Prudenti, P.J., Ritter, Florio and McCarthy, JJ., concur.