■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMIR SAEED, Appellant. [875 NYS2d 566]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered March 29, 2007, convicting him of assault in the second degree, attempted robbery in the third degree, and harassment in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant used or threatened to use physical force for the purpose of compelling one of the complainants to deliver up his property (*see* Penal Law § 160.00). Grabbing a victim by the neck may be sufficient to establish the element of force (*see People v Jones*, 276 AD2d 300 [2000]; *People v Brown*, 184 AD2d 776, 777 [1992]). Moreover, the statute "does not require . . . that the victim be physically injured or even touched" (*People v Fore*, 231 AD2d 590, 590 [1996]). It requires "merely that there be a threat, whatever its nature, of the immediate use of physical force" (*People v Woods*, 41 NY2d 279, 283 [1977]). "The threatened use of force may be implicit in the defendant's conduct or when viewed under the totality of facts attendant to the incident" (*People v Lopez*, 161 AD2d 670, 671 [1990]). The first complainant testified at trial that before asking him for money, the defendant displayed his fists and, in a heavy, aggressive tone, stated that he was "a boxer." He also testified that as he tried to get away, the defendant "had [him] from the jacket," pulling it by the collar with a "very strong grip." The second complainant testified that he observed the defendant "put his arm around [the first complainant's] neck

and ask[ ] him for five dollars." The jury reasonably could have concluded from this testimony that the defendant used or conveyed a threat to use physical force.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the assault of the second complainant was "in furtherance of" the attempted robbery of the first complainant (Penal Law § 120.05 [6]). A person is guilty of assault in the second degree when "[i]n the course of and in furtherance of the commission or attempted commission of a felony . . . he, or another participant if there be any, causes physical injury to a person other than one of the participants" (Penal Law § 120.05 [6]). Here, the second complainant testified that the defendant's attention was diverted to him after the first complainant looked at him and said "this is my friend." The defendant then "stopped and said you next" and began swinging at the second complainant. The jury reasonably could conclude from this testimony that the defendant swung at the second complainant to prevent him from interfering with the attempted robbery of the first complainant.

The defendant's contention that the prosecution failed to prove that he inflicted physical injury during the assault is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the defendant inflicted "physical injury" within the meaning of Penal Law § 10.00 (9). It is undisputed that, as a result of struggling with the defendant, the second complainant had a visible scar on his leg 11 months after the incident (*see People v Rivera*, 183 AD2d 792, 793 [1992]; *see also People v Tejeda*, 78 NY2d 936 [1991]; *People v Williams*, 23 AD3d 589, 590 [2005]; *People v Santos*, 286 AD2d 449, 450 [2001]; *People v Cartagena*, 276 AD2d 636, 637 [2000]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contention is without merit. Spolzino, J.P., Ritter, Miller and Balkin, JJ., concur.