THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT MEBANE, Appellant. [894 NYS2d 105]—

Appeal by the defendant from an amended judgment of the County Court, Nassau County (Ayres, J.), rendered May 30, 2007, convicting him of assault in the second degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the amended judgment is affirmed.

The County Court properly discharged a juror just prior to opening statements, over the defendant's objection, on the ground of "illness or other incapacity" (CPL 270.35 [1]), since the juror was in her final month of pregnancy and, under the particular circumstances of this case, continued service would have posed a hardship to her (*see People v Parson*, 268 AD2d 208, 209 [2000]; *People v Vargas*, 260 AD2d 258 [1999]; *People v Edmonds*, 223 AD2d 455 [1996]). In view of our determination, we do not reach the defendant's contention that the County Court wrongly discharged the juror as grossly unqualified to serve (*see* CPL 270.35 [1]). The defendant's contention that the

County Court failed to make a reasonably thorough inquiry of a juror, as required by CPL 270.35 (2) (a), before discharging her prior to opening statements is unpreserved for appellate review (*see People v Settles*, 28 AD3d 591 [2006]; *People v Riccardi*, 199 AD2d 432, 432 [1993]). In any event, the contention is without merit (*see People v Roque*, 291 AD2d 417, 417 [2002]; *People v Urbina*, 291 AD2d 421, 421 [2002]; *People v Edmonds*, 223 AD2d at 455).

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to support his conviction of assault in the second degree because the People failed to prove beyond a reasonable doubt that the complaining police officer sustained a physical injury within the meaning of Penal Law § 10.00 (9), and that the defendant caused such injury as he violently resisted arrest (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Saeed*, 60 AD3d 975, 977 [2009]; *People v Alston*, 42 AD3d 468, 469 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish those elements of the offense beyond a reasonable doubt (*see People v Oliver*, 63 AD3d 860, 860-861 [2009]; *People v Saeed*, 60 AD3d at 977; *People v Rivera*, 183 AD2d 792, 793 [1992]; Penal Law § 120.05 [3]).

The defendant's contentions, raised in his supplemental pro se brief, that the evidence was legally insufficient to support his conviction of assault in the second degree with respect to all of the elements of that offense, and to support his convictions of criminal possession of a controlled substance in the third and seventh degrees and resisting arrest, are also unpreserved for appellate review (*see People v Gray*, 86 NY2d at 19). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's trial attorney provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]).

The defendant's remaining contention, raised in his supplemental pro se brief, is unpreserved for appellate review and, in any event, is without merit. Skelos, J.P., Santucci, Dickerson and Roman, JJ., concur.