People v Sandson (2019 NY Slip Op 04730)





People v Sandson


2019 NY Slip Op 04730


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2016-05149
 (Ind. No. 1151/14)

[*1]The People of the State of New York, respondent,
v
Andrew Sandson, appellant.


Janet E. Sabel, New York, NY (Paul Wiener and Justine M. Luongo of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Roni C. Piplani, and Michelle Yong of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen A. Knopf, J.), rendered May 2, 2016, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On March 15, 2014, at approximately 4:10 a.m., the defendant entered a store, placed his right hand in his jacket pocket, and demanded that the cashier give him money from the cash register. When a store customer stepped away, the defendant told the customer not to move. While the cashier had his arms raised, the defendant kept his right hand in his jacket pocket and reached with his left hand over the counter to the cash register, pushed buttons to open the drawer, and stole $400. The defendant then left the scene.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Penal Law § 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
To convict a defendant of robbery in the third degree, Penal Law § 160.00 requires only that there be a threat of immediate use of physical force. "The threatened use of force may be implicit in the defendant's conduct or when viewed under the totality of facts attendant to the incident" (People v Lopez, 161 AD2d 670, 671; see People v Zagorski, 135 AD2d 594, 595). In this case, the jury was justified in concluding that the totality of the defendant's actions, including keeping his right hand in his jacket pocket, ordering a customer not to move, and reaching over a counter to open and take money from a cash register, conveyed the threat of the immediate use of physical force.
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court